ARKADELPHIA FEDERAL SAVINGS &
LOAN ASSOCIATION and ARKANSAS
SAVINGS & LOAN ASSOCIATION BOARD
*v.* MID-SOUTH SAVINGS & LOAN
ASSOCIATION

78-126                                    581 S.W. 2d 345

Opinion delivered May 29, 1979
(In Banc)

*Lookadoo, Gooch & Ashby,* by: *James T. Gooch; Friday, Eldredge & Clark,* by: *Hermann Ivester;* and *Roger Giles,* for appellants.

*Crouch, Blair, Cypert & Walters,* by: *James B. Blair* and *William M. Clark, Jr.,* for appellee.

HERMAN L. HAMILTON, JR., Special Justice. Appellants, Arkadelphia Federal Savings & Loan Association and Arkansas Savings & Loan Association Board, appeal from the Clark Circuit Court order directing issuance of a charter to Mid-South Savings & Loan Association for a new savings and loan in Arkadelphia, Arkansas. The Circuit Court reversed the Arkansas Savings & Loan Association Board decision denying the application. In its decision the Board stated:

"There is not a public need for the proposed association and the volume of business in the area in which the

proposed association would conduct its business is not such as to indicate a successful operation."

The Board also stated in its decision 45 underlying findings of fact as it viewed the record, and which it found to support denial of the application.

Appellee, Mid-South Savings & Loan Association, had applied for a charter to establish a state savings and loan association in Arkadelphia. Appellant, Arkadelphia Federal had opposed the charter. The voluminous record of proceedings included economic reports, population growth charts, depositions of numerous witnesses for the applicant and for Arkadelphia Federal and proof presented at the Board hearing. Testimony was also presented at the Board hearing by a number of witnesses.

In reviewing an application for charter as in this case, the Arkansas Savings & Loan Association Board is required by Ark. Stat. Ann. § 67-1824 (Supp. 1977) to make certain enumerated findings before approving the application. Among those required findings are, "There is a public need for the proposed association and the volume of business in the area in which the proposed association will conduct its business is such as to indicate a successful operation". Ark. Stat. Ann. § 67-1824 (3), *supra*. Additional affirmative findings are required, and the statute provides "The Board shall not approve any charter unless the incorporators establish and the board shall have affirmatively found . . . . " all those elements to exist. Thus, the Board's failure to make any of the required affirmative findings prohibits its approval of a charter. The Board expressly found that there was not a public need in the proposed service area and denied the charter as required by Ark. Stat. Ann. § 67-1824 (3), *supra*. Having found against the existence of one of the required elements of the statute, the charter could not be granted.

In reviewing the actions of the Board, in approving or denying a charter, we adopted the "substantial evidence rule", reviewing the record as a whole, as set forth in *Universal Camera Corp.* v. *National L.R. Bd.*, 340 U.S. 474, 71 S. Ct. 456 (1950). See *Ark. Savings & Loan Board et al* v. *Central Arkansas Savings & Loan Assn.*, 260 Ark. 58, 538 S.W. 2d 505 (1976);

*White County Guaranty Savings & Loan Assn. el al* v. *Farmers & Merchants Bank of Des Arc,* 262 Ark. 894, 562 S.W. 2d 582 (1978).

In reviewing this record, the Circuit Court correctly stated the rule that the reviewing Court cannot substitute its judgment for that of the Board and must affirm the Board unless it finds no substantial evidence to support the Board. See *Ark. Savings & Loan Board* v. *Sutherland,* 256 Ark. 445, 508 S.W. 2d 326 (1974); *Northwest Savings and Loan Assn. el al* v. *Fayetteville Savings & Loan Assn. el al,* 262 Ark. 840, 562 S.W. 2d 49 (1978).

We recently applied the substantial evidence rule in reviewing Board action relating to an application for a branch office for an existing savings institution. *Independence Savings & Loan Assn.* v. *Citizens Federal Savings & Loan Assn. el al,* 265 Ark. 203, 577 S.W. 2d 390 (1979).

A review of the record in this case indicates that there was substantial evidence to support the decision of the Board, though we might have reached a different result. It would serve no useful purpose to review all of the evidence in this record, however, some of the factors which the Board could have considered as substantial evidence against granting this charter, reflected in the record, were as follows:

(a) That Mid-South was not representative of the black community, having no black officers or directors and a minimum of black depositors and deposits pledged;

(b) That Arkadelphia Federal was operating for a number of years on a slim profit margin and that its profit picture on that margin only resulted from the substantial size of its overall operations;

(c) That evidence of substandard housing in the proposed service area was not proof of Arkadelphia Federal's failure to meet the public need;

(d) That interest rates paid by Arkadelphia Federal to depositors and interest rates charged by Arkadelphia Federal

to borrowers did not materially differ from other institutions of comparable size;

(e) That the population growth in Clark County and the proposed service area was not up to the State average and did not indicate substantial future growth;

(f) That banking and savings institutions in the proposed service area had a surplus of savings deposits over the long term real estate loan requirements.

We also note that the credibility and weight to be accorded to the witnesses is also the prerogative of the Board and not that of the reviewing Court.

We are, therefore, unable to hold that the Board's decision was not supported by substantial evidence in the record. The question of whether the Board's action was arbitrary and capricious is a narrow one, more restrictive than the "substantial evidence" test, and is only applicable where the Board decision is not supported on any rational basis. To set aside a Board decision on that basis, it must be wilful and unreasoning and in disregard of the facts and circumstances of the case. *White County Guaranty Savings & Loan Assn. et al* v. *Farmers & Merchants Bank of Des Arc, supra; Independence Savings & Loan Assn.* v. *Citizens Federal Savings & Loan Assn., supra.* In view of the fact that the Board decision in this instance was supported by substantial evidence, we need not address that issue further.

The Circuit Court judgment is therefore REVERSED.

HICKMAN, J., not participating.