ARKANSAS REAL ESTATE COMMISSION *v.*
Kathleen HARRISON and Dixie HARRISON

78-322                                                    585 S.W. 2d 34

Opinion delivered July 9, 1979
(Division II)
[Rehearing denied September 4, 1979.]

*Bill Clinton,* Atty. Gen., by: *Paul L. Means,* Asst. Atty. Gen., for appellant.

*Henry J. Osterloh,* for appellees.

JOHN A. FOGLEMAN, Justice. This appeal is the result of

proceedings held by appellant Arkansas Real Estate Com-
mission concerning complaints lodged against appellees
Kathleen Harrison and Dixie Harrison, hereinafter referred
to simply as Kathleen and Dixie. After a hearing on
December 13, 1976, appellant entered an order dated
December 29, 1976, suspending Kathleen's real estate
broker's license for a period of ninety days, effective January
15, 1977. The order stated that Kathleen had failed, within a
reasonable time, to remit moneys belonging to others which
had come into her possession and that she had failed to clear-
ly and accurately reduce an agreement concerning commis-
sion fees to writing, as required by appellant's Rule 40. She
was found to have violated the provisions of Ark. Stat. Ann. §
71-1307 (g), (h) and (j) (Repl. 1957). Pursuant to Ark. Stat.
Ann. § 5-713 (Repl. 1976), Kathleen filed a petition for
review of appellant's order in the Circuit Court of Pulaski
County on January 13, 1977, and on that same date the cir-
cuit court entered an order staying the order issued by
appellant, until a review of the record of the proceedings
could be had. This was circuit court case number 77-184.

Another hearing was held by appellant on January 24,
1977, on a charge that both appellees had allowed an un-
licensed person to assist them in the procurement of a real es-
tate listing contract, with the knowledge that said person was
not licensed as either a real estate broker or salesman. Both
were found to have violated Ark. Stat. Ann. § 71-1307 (h) and
(j) and Kathleen's broker's license was suspended for a
period of ninety days, effective February 15, 1977, while Dix-
ie's real estate salesman's license was suspended for a period
of sixty days, commencing on February 11, 1977. Both filed a
petition for review in the Pulaski County Circuit Court,
which issued an order on February 14, 1977, staying the
order of appellant, pending review. This case was circuit
court case number 77-749.

On August 30, 1978, the circuit judge declared that none
of the actions of either of the appellees constituted a violation
of Ark. Stat. Ann. § 71-1307 (g), (h) or (j) and he entered an
order which reversed the orders of appellant, declaring those
orders to be null and void. This appeal followed.

Although appellant raises two points for reversal, both

are based on the same contention, i.e., there was substantial evidence to support the findings and actions of appellant, and consequently, we will discuss them as if they were the same.

The statutory provisions which Kathleen was found to have violated are a portion of a statute empowering the Arkansas Real Estate Commission to revoke or suspend the real estate license of any person found to have committed certain acts. The portions pertinent to this appeal are:

* * *

(g) Failing, within a reasonable time, to account for or to remit any moneys coming to his possession which belong to others, or

* * *

(h) Being unworthy or incompetent to act as a real estate broker or salesman in such manner as to safeguard the interests of the public, or

* * *

(j) Any other conduct whether of the same or a different character from that hereinbefore specified which constitutes improper, fraudulent or dishonest dealing.

The complaint filed against Kathleen Harrison alleged that she had wrongfully retained a $2,000.00 earnest money deposit given to her in connection with an offer and acceptance signed by John Noordhoek, who wished to purchase property owned by Tom Keathley and listed for sale with Kathleen's agency. The offer and acceptance contained a clause which stated that it was "subject to satisfactory financing." Noordhoek testified at the hearing that he had attempted to obtain financing, his loan applications were rejected by the FHA and by the Federal Land Bank, and when he showed Kathleen a letter from the Federal Land Bank, rejecting his application, she accused him of turning down the loan and threatened to sue him. He said he obtained a job at Ward's Body Works to improve his chances of approval upon

a second application to the Federal Land Bank, but quit after his application was again rejected. According to Noordhoek, after failing in three attempts to obtain financing on the property, he asked Kathleen to return his earnest money deposit and "she told me to go to hell." He stated that at the time of the hearing, his deposit had not been returned to him. Kenneth Fudge, the local manager of the Federal Land Bank, stated that he had recommended Noordhoek's second loan application be approved because of Noordhoek's employment, but that Fudge's supervisor rejected the application, not because of employment or lack of employment, but rather because he did not think that the income projections for the dairy farm Noordhoek proposed to operate on the property were sufficient. Kathleen testified that she did not return the earnest money because she felt that Noordhoek had not made "sufficient effort to get a loan" and was therefore in breach of the contractual offer and acceptance, that she understood Noordhoek's lack of employment was the reason the loan had not been approved and that she thought he was backing out to buy a farm from the man he was renting a house from. Noordhoek had stated earlier that he had attempted to buy another farm later, but was forced to abandon his efforts due to his financial difficulties.

Upon review of the actions of an administrative board or agency, the circuit court's review of the evidence is limited to a determination of whether there was substantial evidence to support the action taken, and upon appeal to this court, our review of the evidence is similarly limited. Ark. Stat. Ann. § 5-713; *White County Guaranty Savings and Loan Ass'n.* v. *Farmers and Merchants Bank of Des Arc,* 262 Ark. 893, 562 S.W. 2d 582; *Arkadelphia Federal Savings and Loan* v. *Mid-South Savings and Loan,* 265 Ark. 860, 581 S.W. 2d 345 (1979). When we view the evidence in this case in the light most favorable to the findings of appellant, we cannot say that there is no substantial evidence to support the action of appellant in suspending Kathleen's real estate broker's license for a period of ninety days and we therefore reverse the judgment of the Circuit Court of Pulaski County.

Appellant's Rule 40 was not introduced at the hearing and is not abstracted in appellant's brief, although a portion of the rule is quoted in the argument portion of appellant's

brief. Because we find that there was substantial evidence to support appellant's finding regarding Kathleen's failure to remit the earnest money deposit, and because the text of Rule 40 does not appear in the record before us, we need not discuss appellant's argument relating to Kathleen's alleged failure to comply with the requirements of the rule.

As to the finding of appellant that both appellees had violated § 71-1307 (h) and (j) by allowing an unlicensed person to assit in the procurement of a real estate listing contract, we agree with the circuit court that it was not supported by any substantial evidence.

Carroll McGee testified at the hearing held on January 24, 1977, that he had seen a newspaper advertisement, placed by Jaine B. Sage, which offered the Sage house for sale. He stated that he called Sage, suggested that she list her house with the Harrison Real Estate Agency and that he and Dixie, his fiance, went to the Sage home where Sage signed a listing contract with Dixie. He stated that he did not tell Sage that he was a real estate salesman or broker, nor that he was associated with or employed by the Harrison Agency. He stated that he asked for no compensation from Dixie and that none was offered or paid. We do not find it necessary to detail any additional testimony from this hearing because there was no showing that any actions of appellees in this transaction were violations of either subsection (h) or (j) of Ark. Stat. Ann. § 71-1307.

Appellant points to Ark. Stat. Ann. § 71-1302 (Supp. 1977), which defines a real estate broker and real estate salesman and lists numerous actions and activities which are considered to be within the realm of real estate transactions, requiring a license. However, a complete reading of the statute reveals that all of these activities must be performed for compensation or with the expectation of compensation to be considered activities of a real estate broker or salesman. The undisputed evidence reveals that McGee neither received nor expected compensation for his actions, from either the seller or the broker, or for that matter, the salesman. So far as the record discloses, McGee was promoting the business of his fiance without compensation. Appellant has not referred us to, nor have we been able to find, *any* authority, statutory

or otherwise, which would prohibit the actions of McGee and appellees, unless the element of compensation for McGee's services was present. In light of such a complete lack of substantial evidence, we affirm the action of the circuit court.

The judgment of the circuit court in case number 77-749 is affirmed. The judgment of the circuit court in case number 77-184 is reversed and the cause is remanded to the Circuit Court of Pulaski County with directions to remand it to Arkansas Real Estate Commission to enter an order consistent with this opinion.

We agree. HARRIS, C.J., GEORGE ROSE SMITH and HOLT, JJ.