Buzz LASSITER, Larry SEABOLT and Jimmy BARRENTINE *v.* Basil R. KESTERSON and the ALCOHOLIC BEVERAGE CONTROL BOARD

84-213                                    683 S.W.2d 613

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*Lance L. Hanshaw,* for appellants.

*Treeca J. Dyer,* for appellees.

ROBERT H. DUDLEY, Justice. Appellee, Basil Kesterson, filed an application with the Alcoholic Beverage Control Administration for an on premises consumption mixed drink permit for a private club to be located in Grannis. Grannis is in Polk County, which is "dry". The Director of the administration denied the application but, on appeal, the Board reversed and granted the permit. The circuit court affirmed. We reverse and remand with directions to deny the permit. Jurisdiction of this appeal is in this Court pursuant to Rule 29(1)(c) since it involves the interpretation and construction of the Private Club Act.

Appellant's principal argument is that the Alcoholic Beverage Control Board erred in its interpretation of the Private Club Act, Ark. Stat. Ann. Title 48, Chapter 14. The argument is meritorious.

A private club which may obtain a permit is defined as a non-profit organization consisting of at least 100 regular dues paying members and being in existence for some common purpose other than the consumption of alcoholic beverages. It must own or lease space in a building, and it must have been in existence for at least one year before applying for the permit. Ark. Stat. Ann. § 48-1402 (j) (Repl. 1977).

In this case the applicant was not an organization with at least 100 dues paying members which had been in existence for at least one year. Instead, appellee Kesterson had obtained a two year old charter from another county, amended it to change the address, and sold prospective memberships with no definite immediate purpose other than the consumption of alcoholic beverages. The applicant did not comply with the mandatory language of the statute, and the Board misconstrued the statute in finding compliance.

Further, the applicant proposed to obtain facilities after the permit was issued. Again, the mandatory language of the

statute was not followed. The statute mandates that the applicant own or lease its facilities for at least one year before application.

Reversed and remanded with directions to deny the permit.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. At the hearing held on August 18, 1982, the Commissioner stated: "He meets all the qualifications." The petition for the permit was supported by over 500 signatures. Among the supporters were the mayor and town council of Grannis, the chief of police for the town of Grannis, a former prosecuting attorney and the local superintendent of schools. Further testimony revealed there were about 375 registered members.

The proposed Country Club was to have started off with a restaurant and bar. A golf course and swimming pool, large screen T.V. and video games were to be added. All of these things may be in existence at this time. It was testified that there was not another similar establishment within 30 miles of this club.

The applicant appears to be an outstanding citizen. He has served on the City Council, volunteer fire department and health clinic board. The ABC Board found he was qualified for a license and the club met the requirements of the law. Everything being in order, the Board issued the license. They heard the facts and are in a position to judge the credibility of the witnesses and the weight of the evidence.

The standard of review, by the Circuit Court and this court, for decisions by the ABC Board is whether they are supported by substantial evidence. *Arkansas Real Estate Commission* v. *Harrison*, 266 Ark. 339, 585 S.W.2d 34 (1979). There is substantial evidence in this case to support the decision of the ABC Board and it should be affirmed. So long as the state allows private clubs in dry counties to dispense alcoholic beverages, all segments should be treated the same.

My personal opinion would be to revoke all such permits. However, that is not the law and I have no right to try to change it to coincide with my personal views.