Linda N. GARNER, Insurance Commissioner for the State of Arkansas *v.* FOUNDATION LIFE INSURANCE COMPANY OF ARKANSAS

CA 85-275 702 S.W.2d 417

Court of Appeals of Arkansas
Division II
Opinion delivered January 22, 1986
[Rehearing denied February 12, 1986.]

*David B. Simmons*, for appellant.

*Hardin, Jesson & Dawson*, by: *Robert T. Dawson* and *Rex M. Terry*, for appellee.

JAMES R. COOPER, Judge. This is an appeal of an order of the Circuit Court of Sebastian County, entered upon a Petition for Review of the Insurance Commissioner's decision. The Insurance Commissioner had found that the appellee, a company which handled primarily credit life insurance policies, (a) engaged in unfair claims settlement practices, by promptly paying the credit beneficiary but not the secondary beneficiary, in violation of Ark. Stat. Ann. § 66-3005(9)(b-d) (Supp. 1985), (b) violated Ark. Stat. Ann. § 66-2830(1) (Repl. 1980), by paying commissions to unlicensed agents, (c) violated Ark. Stat. Ann. § 66-3206 (Repl. 1980) and Ark. Ins. Dept. Rule and Reg. 12, § 3.3, by accepting unsigned applications for credit life policies, and (d) violated Ark. Stat. Ann. §§ 66-2605(4) (Repl. 1980), -2628(6) (Supp. 1985), and -2637(2) (Supp. 1985), by having a

larger percentage of its assets invested in common stocks, real estate, and mineral interests than allowed by law. The Commissioner fined the appellee $6,000.00 for the unfair claims settlement practices and an additional $5,000.00 for the other violations. Upon review, the trial court, citing Ark. Stat. Ann. § 5-713(g) (Supp. 1985), took additional evidence over the Commissioner's (the appellant's) objection. It held that the Commissioner's finding that the appellee engaged in unfair trade practices was not supported by substantial evidence and, while the Commissioner's findings that the appellee violated §§ 66-2605(4), -2628(6), -2637(2), -2830(1), and -3206 were supported by substantial evidence, she abused her discretion in levying an unspecified portion of the $5,000.00 fine for those violations.

The Commissioner raises four issues on appeal. She claims that the court erred in (1) permitting and considering additional evidence, (2) determining that the Commissioner's finding that the appellee engaged in unfair claims settlement practices was not supported by substantial evidence, (3) determining that the Commissioner abused her discretion in fining the appellee for the payment of commissions to unlicensed agents, and (4) determining that the Commissioner abused her discretion in fining the appellee for its over-investment in certain types of assets.

The State Insurance Commissioner, when she acts as a hearing officer, is governed by the Administrative Procedure Act. *Woodyard* v. *Arkansas Diversified Insurance Co.*, 268 Ark. 94, 594 S.W.2d 13 (1980). The rules regarding judicial review of decisions under this Act are clear. As we said in *Carder* v. *Hemstock*, 5 Ark. App. 115, 623 S.W.2d 384 (1980),

> [t]he rules governing judicial review of decisions of administrative agencies are settled and are the same for both the circuit and appellate court. This review is limited in scope and such decisions will be upheld if supported by substantial evidence and not arbitrary, capricious or characterized as an abuse of discretion. . . .
>
> The substantial evidence rule applicable to these cases requires a review of the entire record and not merely that evidence which supports the Board's decision. Substantial evidence is more than a mere scintilla and means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . Although hearsay evidence is admissible in hearings before administrative bodies, hearsay alone is not substantial evidence. . . . On numerous occasions in recent years our court has reaffirmed its earlier declarations that the questions of credibility of witnesses and weight to be accorded evidence presented to a board is the prerogative of the board and not of the reviewing court, and that courts must rely on their findings because they are better equipped by specialization, insight and experience in matters referred to them. The reviewing court may not displace the Board's choice between two fairly conflicting views even though the court might have made a different choice had the matter been before it *de novo*. The reviewing court may not set aside the board's decision unless it cannot conscientiously find from a review of the entire record that the evidence supporting the decision is substantial. . . .

The question of whether a board's action is arbitrary and capricious is a narrow one, more restricted than the substantial evidence test. To set aside an agency decision on that basis, it must be found to have been willful and unreasoning and in disregard of the facts and circumstances of the case. This standard applies only where the board's action was unreasoned; its decision was not supported by any reasonable basis, and was made in willful disregard of the facts and circumstances.

5 Ark. App. at 118-19 (citations omitted).

 Here, the Commissioner found that the appellee had a practice of paying the credit beneficiary promptly, but not the secondary beneficiary, in violation of § 66-3005(9)(b-d). She based her decision upon the presentation of three specific cases, found in a sample of fifty of the 216 cases handled by the appellee. (There was testimony that the number of cases in the sample was picked in accordance with the National Association of Insurance Commissioners' (NAIC) guidelines for samples to use in Market Conduct Examinations.) The Commissioner noted that the appellee's vice-president admitted that it owed the beneficiary in two of those three cases and did not know about the other. He also

testified that this was company policy in cases of questionable claims. The Commissioner based her decision not only on the above testimony, but also on the fact that this very same practice had been called to the appellee's attention in 1976, without objection, and that this was a matter of public record. No evidence was presented before the Commissioner to contradict the inference that, based on the sample, it was likely more cases of this type existed. While we may not have decided this issue in the same manner, we cannot say that this decision was not supported by substantial evidence.

 The finding of the court that the Commissioner abused her discretion in fining the appellee for its continued over-investment in certain assets in violation §§ 66-2605(4), -2628(6), and -2637(2) is likewise error. While the Commissioner's failure to provide a hearing on the denial of a request for an extension of time would have been arbitrary and an abuse of discretion *if* the appellee had asked for a hearing, there is no showing or allegation in the record that such a hearing was requested, either before or after the denial. In light of this fact, and of the fact that the appellee had still not brought itself into compliance with the statutory requirements nearly a year after the divestiture was to have been completed, we cannot say that the Commissioner abused her discretion in fining the appellee for its continued noncompliance with the law.

 The court found that there was substantial evidence to support the Commissioner's decision that the appellee violated § 66-2830(1), but found that the unspecified portion of the fine relating to this violation was an abuse of discretion, because (1) the appellee was not given notice of the Market Conduct Examination, though none was required; (2) the appellee was not given an opportunity to conference with the Insurance Department prior to the examination, an opportunity given other companies; and (3) the examiners did not discuss the Department's Bulletin 8-83 with the appellee. (This Bulletin indicated that previous Market Conduct Examinations found that possible confusion regarding licensing requirements existed.) The court further pointed out that it felt that fairness and reasonableness would appear to require that notice and a conference, as had been given other companies, be given to the appellee, as then it would have a chance to correct the deficiencies prior to the examination.

The appellant points out the court's first two grounds are based on its consideration of evidence presented before it. The appellant did not abstract this testimony, contending that it was wrongly admitted. These two reasons go towards alleged procedural irregularities in the administration of the Market Conduct Examination, the results of which formed the basis of the Commissioner's finding on this matter, and are not matters of record before the Commissioner. Therefore, the court could take evidence about these matters under § 5-713(g), as they go towards alleged irregularities in procedure not in the record and could support a showing of discriminatory treatment of the appellee. Because the appellant has failed to abstract the evidence which would be relevant to these reasons, we have no way of determining whether the evidence presented indicated that, had these procedures taken place, the outcome of the examination or of the hearing would have been different. However, we reverse on this point for the reasons stated below.

The appellant's final contention is that the court erred in taking additional evidence. The appellant declined to abstract this evidence, contending that it was unnecessary to do so as it was all improperly admitted. However, as stated above, the court is allowed to take additional evidence as to procedural irregularities that do not appear in the record. The testimony taken before the court should have been abstracted, so that we could determine whether the court's decision was based on such properly admitted evidence. *See* Ark. R. Sup. Ct. 9(d). While normally such a failure to abstract would be grounds for affirmance, in this case it is apparent upon a review of the court's decision that it considered improperly admitted evidence. For example, the court referred to the fact that the applications examined for signatures were from only five of the 160 banks taking applications, that only five of the 160 banks did not routinely require signatures, and that two of those five were part of the five banks examined by the Department — all matters which, absent any allegation that this was done purposely so as to discriminate against the appellee, are not related to procedural irregularities. This evidence was not, although it could have been, presented to the Commissioner. Therefore, we agree with the appellant that at least some of the evidence taken before the court was improperly admitted, although, because the appellant failed

to properly abstract the record, we cannot tell how much was so admitted. Accordingly, we reverse and remand points three (concerning the failure to meet licensing requirements) and four (concerning the failure to obtain properly signed applications) of the court's decision for reconsideration, directing that the court consider only that evidence related to alleged procedural irregularities, pursuant to Ark. Stat. Ann. § 5-713(g).

We reverse and remand the court's order insofar as it concerns the unfair claims settlement practices and the over-investment practices of the appellee, directing the court to reinstate the Commissioner's order as to these matters. We reverse and remand the remainder of the court's order, because of improperly admitted evidence, for reconsideration, pursuant to the limitations set forth in the previous paragraph.

Reversed and remanded.

CRACRAFT, C.J., and CLONINGER, J., agree.