ARKANSAS STATE BD. OF COSMETOLOGY *v.* Anna ROBERTS, d/b/a Anna's Beauty Shop

CA 88-411                                    772 S.W.2d 624

Court of Appeals of Arkansas
En Banc
Opinion delivered June 28, 1989

250

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellant.

*Clark & Adkisson*, for appellee.

JOHN E. JENNINGS, Judge. Anna Roberts owns and operates Anna's Beauty Shop in Greenbrier. On April 23, 1987, an inspector for the Arkansas State Board of Cosmetology stopped by the beauty shop and found that Mrs. Roberts' establishment license and cosmetologist license had both expired. At a hearing on June 17, 1987, the Board found that Mrs. Roberts had violated the Arkansas Cosmetology Act. She renewed the licenses on July 23, 1987. On August 19, 1987, the Board conducted another hearing at which time it fined Mrs. Roberts a total of $500.00. She appealed the agency's decision to the Faulkner County

Circuit Court. The court heard additional testimony and in an order dated March 11, 1988, held that the Board did not follow proper administrative procedure in its dealings with Mrs. Roberts and that the fine imposed was arbitrary and capricious. The court reduced the fine to $50.00.

On appeal the Board contends that the trial court erred in taking additional testimony and in holding that the fine imposed by the Board was arbitrary and capricious. We hold that the trial court erred in modifying the fine imposed by the Board.

■ Arkansas Code Annotated Section 25-15-212(g) (1987) relates to the manner of review by the circuit court of an administrative agency decision. It provides:

> The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony may be taken before the court. The court shall, upon request, hear oral argument and receive written briefs.

■■ Because Mrs. Roberts alleged in her pleading that she did not receive proper notice of the hearings conducted by the Board, the trial court did not err in taking additional testimony. The trial court's finding that the Board did not follow proper procedures, however, is not supported by the record. Mrs. Roberts' own testimony establishes that she received adequate and timely notice of both hearings. She did not attend the first meeting because she wanted to go to Florida and she threw away the notice of the second hearing because she thought she had resolved the matter by renewing her licenses. After the hearing the court said:

> I am also going to hold that the Board was arbitrary and capricious in what they did in the amount of the fine and failure to properly notify the respondent in this matter. There is some evidence here of good faith on her part because she has a letter in the file that she wrote in trying to find out about the hearing. She also called the office down there and tried to get some information from the receptionist and was told that with or without her presence the [Board] would go ahead and act. They should have advised

her that if she came down to the Board and presented her case that maybe there would have been no penalty imposed on her. I find that the penalty of $500.00 is excessive and I am going to reduce it to $50.00. That will be the order and judgment of the court.

Mrs. Roberts' letter to the Board merely stated that she thought she had paid to renew her licenses, that she would be out of town at the time of the hearing, and that she would pay whatever penalty was necessary. We find no procedural irregularities.

■ Under applicable state regulations the Board was authorized to fine Mrs. Roberts a total of $1,000.00 under the circumstances presented. While the fine imposed, $500.00, is certainly substantial, neither the trial court nor this court may substitute its judgment for that of the Board in assessing the penalty. See Arkansas State Board of Pharmacy v. Isely, 13 Ark. App. 111, 680 S.W.2d 718 (1984); Green v. Carder, 282 Ark. 239, 667 S.W.2d 660 (1984). In Garner v. Foundation Life Insurance Co. of Arkansas, 17 Ark. App. 13, 17, 702 S.W.2d 417, 419 (1986), we said:

> The reviewing court may not displace the Board's choice between two fairly conflicting views even though the court might have made a different choice had the matter been before it de novo. The reviewing court may not set aside the board's decision unless it cannot conscientiously find from a review of the entire record that the evidence supporting the decision is substantial . . . .

> The question of whether a board's action is arbitrary and capricious is a narrow one, more restricted than the substantial evidence test. To set aside an agency decision on that basis, it must be found to have been willful and unreasoning and in disregard of the facts and circumstances of the case. This standard applies only where the board's action was unreasoned; its decision was not supported by any reasonable basis, and was made in willful disregard of the facts and circumstances. (Citations omitted.)

■■ Here, the trial court had evidence before it that the

Board did not have — that Mrs. Roberts had been in business for eighteen years and had never failed to renew her licenses. The reason the Board did not have that evidence, of course, is that Mrs. Roberts did not appear at either hearing. In effect, the trial court reviewed the penalty assessed by the Board *de novo* and set the penalty at a level the court thought was fair. In doing so the court exceeded its authority. The court was authorized to set aside the penalty only if the agency decision was "willful and unreasoning" as opposed to being merely wrong. We cannot say that the Board's decision as to the penalty in the case at bar was arbitrary and capricious.

We acknowledge that under certain circumstances the penalty imposed by the administrative agency may be so harsh that its imposition may be described as arbitrary and capricious. This was the holding of the Arkansas Supreme Court in *Baxter* v. *Dental Examiners Board*, 269 Ark. 67, 598 S.W.2d 412 (1980) and in *Arkansas Board of Pharmacy* v. *Patrick*, 243 Ark. 967, 423 S.W.2d 265 (1968). Both of these cases, however, involved an agency decision to *permanently* revoke a professional license. Those penalties are different in degree from that imposed here.

Our conclusion is that the court erred in modifying the decision of the Board.

Reversed.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I dissent because I think that the trial court was correct in finding that the Board's actions were arbitrary and capricious, and because I do not think it was error for the trial court to hear additional evidence in light of the fact that the appellee pled irregularities in the procedure employed by the Board.

Arkansas Code Annotated § 25-15-212(f) (1987) requires the trial court to remand a case to the Board when additional evidence is necessary. However, the following subsection, § 25-15-212(g), states, "that in cases of *alleged* irregularities in the procedure before the agency, not shown in the record, testimony may be taken before the court." (Emphasis supplied.) The appellee did allege irregularities in the procedure; she stated that she did not feel she was given adequate notice of the second

hearing. Although I am not prepared to say, as a matter of law, that the notice was untimely, I am concerned that the appellee's second hearing was held on the twentieth day from receipt of notice. Arkansas Rule of Civil Procedure 12(a) allows a defendant to file an answer within twenty days after service of summons, and this twenty days must pass before a default judgment can be entered against the defendant. Although administrative agencies are not bound by the Rules of Civil Procedure, I believe they do serve as a guideline to ensure fundamental fairness.

Furthermore, the appellee testified about other irregularities which, in my opinion, justified the taking of additional evidence and require affirming the trial court. According to the appellee, she attempted several times to contact the Board by telephone to find out what to do about her license and the hearing. She stated that she was told that the Board would conduct a hearing "with or without" her. She contacted the Board in writing prior to the first hearing and explained that she would be out of town, but the Board did not respond to her letter. The cover letter sent to the appellee with both notices stated that, in order to waive her right to attend and defend herself at the hearing, she was required to send an affidavit to the Board. This was not done, and indicates to me that, under the Board's own guidelines, the appellee had not waived her right to attend. Lastly, Debra Norton, the Board's director, testified:

> We also send a cover letter to that individual basically telling them they have a right to appear with counsel. They also have a right to waive their right to a hearing, *and we try to advise them that way*. If they do, then they would need to send an affidavit stating that.

(Emphasis added.) This language can be interpreted to mean that the Board actually tries to discourage the attendance of persons having a right to appear before them. In light of the Board's actions in this case, it is not an unreasonable construction.

I also think that the Board's assessment of a fine of $500.00 was arbitrary and capricious. The appellee was almost six months late in renewing her licenses. Although the appellee admitted that it was an oversight not to have renewed by April 23, 1987, the remainder of the time, from April 23 to July 23, cannot be found to be the fault of the appellee. In spite of the fact that the appellee

attempted to find out what was required of her, the Board never advised her that she could renew her license immediately and that she did not have to wait on the hearings to do so. Furthermore, Debra Norton admitted that no harm was done by the appellee's failure to timely renew. In *Carder* v. *Hemstock*, 5 Ark. App. 115, 633 S.W.2d 834 (1982), we said that in order to set aside an agency decision on the basis that it is arbitrary and capricious it must be found to have been unreasoned, not supported by any reasonable basis, and made in willful disregard of the facts and circumstances. Clearly, to me, the Board in this case acted in willful disregard.

*Volkswagenwerk Aktiengesellschaft* v. *FMC*, 390 U.S. 261 (1968), involved the interpretation of a statute by the Federal Maritime Commission. In reversing the Commission's decision, the United States Supreme Court stated:

> The construction put on a statute by the agency charged with administering it is entitled to deference by the courts, and ordinarily that construction will be affirmed if it has a "reasonable basis in law." But the courts are the final authorities on statutory construction, and "are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute." "The deference owed to an expert tribunal cannot be allowed to slip into judicial inertia . . . ."

390 U.S. at 272 (citations omitted). While the present case is a case of statutory enforcement and not construction, the same rationale applies. The deference that we generally give to the expertise of administrative agencies, *see Livingston* v. *Arkansas State Medical Board,* 288 Ark. 1, 701 S.W.2d 361 (1986), is not a substitute for sound judicial review.

In light of the procedural irregularities in this case and the arbitrary and capricious actions of the Board, I would affirm the trial court's reduction of the fine to $50.00.