2009 Ark. App. 498

**Effie COLLINS, Appellant,**

v.

**ARKANSAS BOARD OF EMBALMERS AND FUNERAL DIRECTORS, Appellee.**

**No. CA 08–1227.**

Court of Appeals of Arkansas.

June 24, 2009.

Hurst, Morrissey & Hurst, PLLC, by: Q. Byrum Hurst, Jr., Hot Springs, for appellant.

Dustin McDaniel, Att'y Gen., by: Warren T. Readnour, Sr. Ass't Att'y Gen., and Arnold M. Jochums, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge.

Appellant is the owner and funeral director of Collins Chapel Mortuary, Inc. She was found by the Board of Embalmers and Funeral Directors to have violated several rules relating to the requirement that the funeral director first taking charge of a dead person must file the death certificate with the vital records registrar of the Arkansas Department of Health within ten days of the decedent's death. As a result, her license was suspended for one year and she was fined $1,500. The circuit court affirmed the Board. In this appeal, appellant argues that the Board erred in denying her request for a continuance; that a Board member erred in refusing to disqualify herself because of allegations of bias; that the Board's finding is not supported by substantial evidence; and that the punishment imposed was so severe as to be arbitrary and capricious.

The Arkansas Supreme Court recently set out the applicable standard of review in appeals from this Board:

Our review of the decisions of administrative agencies is limited in scope. *Ark. Dep't of Human Servs. v. Bixler*, 364 Ark. 292, 219 S.W.3d 125 (2005). With respect to issues of fact, the decision on credibility and weight of the evidence is within the administrative agency's discretion, and it is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord that evidence. *Id.* With respect to legal issues, administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Austin v. Centerpoint Energy ARKLA*, 365 Ark. 138, 226 S.W.3d 814 (2006). The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. *Bixler, supra.* Thus, the review by appel-

late courts is directed not to the decision of the circuit court, but rather to the decision of the administrative agency. *Id.* The circuit court or appellate court may reverse the agency decision if it concludes that:

(h) [T]he substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the agency's statutory authority;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Not supported by substantial evidence of record; or

(6) Arbitrary, capricious, or characterized by abuse of discretion.

*Arkansas Board of Embalmers & Funeral Directors v. Reddick,* 366 Ark. 89, 92–93, 233 S.W.3d 639, 642–43 (2006) (citing Ark.Code Ann. § 25–15–212(h) (Repl. 2002)).

■ We hold that there was no abuse of discretion in denying the motion for a continuance or the motion to disqualify. The complaint was based on allegations that appellant simply refused to comply with the law and ignored repeated contacts over a period of one month by employees of the Vital Records Division of the Arkansas Department of Health. On the day of the hearing, appellant did not personally appear, and her attorney moved for a continuance. The only explanation given for appellant's absence was that "something came up." Her attorney candidly admitted at the hearing that he did not know what exactly had prevented appellant's appearance. In the absence of even an allegation of a specific reason for appellant's absence, much less a sufficiently compelling reason, it cannot be said that it was an

abuse of discretion for the Board to deny her request for a continuance, made in her absence on the day set for the hearing, when other witnesses were present.

■ Appellant's argument challenging the denial of her motion to disqualify is subject to the same reasoning. That motion simply alleged that appellant and one of the Board members had a "common personal relationship in the past" that *could* cause the Board member to be biased against her. No other facts were specified. Given the record's complete lack of any specific allegations or facts regarding the asserted relationship from which the Board or the reviewing court could determine whether bias was likely, we simply cannot say whether or not the Board member erred in declining to recuse. On this record, appellant can demonstrate neither error nor prejudice. *See Reed v. Alcoholic Beverage Control Division,* 295 Ark. 9, 746 S.W.2d 368 (1988).

■ Appellant also challenges the sufficiency of the evidence to support the Board's finding that she violated Ark.Code Ann. § 20–18–303 (Repl.2005). Subsection (a) of that statute states:

Any person having knowledge of the facts shall furnish such information as he or she may possess regarding any birth, death, spontaneous fetal death, induced termination of pregnancy, marriage, divorce, or annulment upon demand of the State Registrar of Vital Records.

There was evidence that the decedent died on May 9, 2007, and that a death certificate was signed by a physician and mailed to appellant's funeral home on May 21. After a customer complaint that appellant refused to file decedent's death certificate was made to the Division of Vital Records on July 17, agents of the Division contacted appellant and made demand for the death certificate pursuant to Ark.Code

Ann. § 20–18–303(a). Appellant said that she would "look into it." After repeatedly[1] and fruitlessly contacting appellant to obtain the demanded information and death certificate between July 17 and August 13, 2007, and despite an offer by the Division to help facilitate the filing, the Division was required to take the extraordinary step of issuing the death certificate under its own authority.

Appellant argues that this evidence is insufficient because it failed to show that her failure to provide the demanded information was intentional. We do not agree. Given the number and frequency of contacts that she received from the Division, we think that the Board could reasonably infer that appellant's failure to provide the demanded information was intentional. Appellant, in fact, admits that the demanded information was not provided, but asserts that this was merely the result of forgetfulness, employee inefficiency, and her own failure to properly oversee her employees. We do not think that the Board was required on this record to find that her failure to provide the demanded information was the result of such gross negligence and incapacity to perform her duties as she suggests. Furthermore, we think that such gross negligence and incapacity would provide no excuse for appellant's failure to perform, but would instead be a matter at least as serious as a simple refusal to perform by a competent funeral director.

Finally, appellant argues that the Board's actions were arbitrary and capricious because of the severity of the penalty imposed. However, the evidence showed that appellant was not merely late in this instance, but was instead utterly noncompliant, so much so that the Department of Vital Records was required to file the death certificate itself. There is a qualitative difference between tardiness, even chronic tardiness, and contumacious refusal, and the evidence was sufficient to show that appellant was guilty of such refusal, breaking several regulations in the process. The legislature permits the Board to revoke licenses for violations rather than suspend them, and to impose fines in amounts up to $10,000. Ark.Code Ann. §§ 17–29–311 and 403. Given that the punishments imposed were moderate with respect to that which was authorized, and that the evidence supports a finding that appellant acted knowingly and willfully with respect to the violations rather than merely negligently, it cannot be said that the Board's actions were extremely harsh and unreasonable when all the facts are considered. *Baxter v. Dental Examiners Board,* 269 Ark. 67, 598 S.W.2d 412 (1980); *Arkansas State Board of Cosmetology v. Roberts,* 28 Ark.App. 249, 772 S.W.2d 624 (1989).

Affirmed.

MARSHALL and HENRY, JJ., agree.

---

1. One agent testified that he contacted appellant at least eight times in less than one month attempting to resolve this matter.