SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–230

| | |
|---|---|
| | **Opinion Delivered** November 13, 2013 |
| EFFIE COLLINS and COLLINS CHAPEL MORTUARY, INC.<br>APPELLANTS | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. CV-11-144] |
| V. | |
| ARKANSAS BOARD OF EMBALMERS AND FUNERAL DIRECTORS<br>APPELLEE | HONORABLE BRENT DAVIS, JUDGE<br><br>AFFIRMED |

**KENNETH S. HIXSON, Judge**

The appellants in this case are Effie Collins and Collins Chapel Mortuary, Inc. (Collins Chapel). Ms. Collins was licensed as a funeral director, and she owns Collins Chapel, which held a funeral establishment license. The appellants' licenses were previously revoked, and the appellants applied for reinstatement. After a hearing, the Board of Embalmers and Funeral Directors denied the appellants' license applications. The circuit court affirmed the Board. In this appeal, Ms. Collins and Collins Chapel argue that the Board's decision was not supported by substantial evidence, and that the decision was arbitrary and capricious. We affirm.

Our review of the decisions of administrative agencies is limited in scope. *Ark. Bd. of Embalmers & Funeral Dirs. v. Reddick*, 366 Ark. 89, 233 S.W.3d 639 (2006). With respect to issues of fact, the decisions on credibility and weight of the evidence is within the

SLIP OPINION

administrative agency's discretion. *Id.* With respect to legal issues, administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Id.*

Pursuant to Arkansas Code Annotated section 25-15-212(h) (Repl. 2002), the circuit court or appellate court may reverse the agency decision if it concludes that the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the agency's statutory authority;
(3) Made upon unlawful procedure;
(4) Affected by other error or law;
(5) Not supported by substantial evidence of record; or
(6) Arbitrary, capricious, or characterized by abuse of discretion.

The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. *Ark. Dep't of Human Servs. v. Bixler*, 364 Ark. 292, 219 S.W.3d 125 (2005). Thus, our appellate review is directed not to the circuit court's decision, but rather to the decision of the administrative agency. *Id.*

In determining whether a decision is supported by substantial evidence, we review the record to ascertain if the decision is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Zepecki v. Ark. Veterinary Med. Examining Bd.*, 2010 Ark. App. 187, 375 S.W.3d 41. The requirement that administrative action not be arbitrary or capricious is less demanding than the requirement that it be supported by substantial evidence. *Capitol Zoning Dist. Comm'n v. Cowan*, 2012 Ark. App. 619, ___

S.W.3d __. When an agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. *Id.*

The lengthy procedural history of this case began in April 2008, when Ms. Collins's funeral-director license was suspended and she was fined $1500. The Board imposed these sanctions after finding that Ms. Collins violated a statute by failing to file the death certificate of Fanny May Jackson after Ms. Collins and Collins Chapel handled her funeral in May 2007. The evidence showed that Ms. Collins ignored repeated contacts from the Division of Vital Records, requiring the Division to take the extraordinary step of issuing the death certificate under its own authority. Ms. Collins appealed the Board's decision, and it was affirmed by the circuit court and then affirmed by the court of appeals. *See Collins v. Ark. Bd. of Embalmers & Funeral Dirs.*, 2009 Ark. App. 498, 324 S.W.3d 716.

A subsequent complaint was made against Ms. Collins and Collins Chapel regarding the funeral services they provided for Jeffrey Hampton in November 2007. After a hearing, the Board entered a decision on July 24, 2008, finding that Ms. Collins committed numerous violations of state and federal law, including that the statement of goods and services selected, the general price list, and the outer-burial-containing price were all in noncompliance. The Board suspended Ms. Collins's license for an additional year, and placed Collins Chapel's establishment license on probation for two years. On appeal of that decision, the circuit court found substantial evidence to support the above violations, but found other findings unsupported and remanded to reconsider sanctions. Our record, however, does not contain any further action on those proceedings.

3

On June 3, 2009, the Board revoked both Ms. Collins's and Collins Chapel's licenses. Those revocations were based on the Board's findings that, during Ms. Collins's license suspension in August 2008, Ms. Collins acted as the funeral director and Collins Chapel handled the funeral of Charles Jefferson. In addition to finding that Ms. Collins acted as a funeral director without a license, the Board found that she committed other violations while handling the funeral, including misrepresentation and fraud. The revocations were appealed to the circuit court and affirmed on March 16, 2011.

In March 2011, Ms. Collins and Collins Chapel requested reinstatement of their funeral-director and funeral-establishment licenses. A hearing on these applications was scheduled for March 15, 2011, and was continued until May 24, 2011.

At the May 24, 2011 hearing, it was established that the Board had received complaints that Ms. Collins was acting as a funeral director after her license had been revoked. The Board had previously referred these complaints to the prosecutor, and on February 17, 2011, Ms. Collins pleaded nolo contendere to operating a funeral home without a license, for which she received a one-year suspended imposition of sentence. A newspaper dated September 9, 2009, was introduced into evidence, and it included two obituaries listing Collins Chapel as the provider of funeral services. Boyd Heath, an inspector for the State Board of Embalmers and Funeral Directors, and Captain Larry Robinson, a criminal investigator, testified that they observed Ms. Collins providing these funeral services in September 2009. These witnesses observed a casket being loaded from the Collins Chapel mortuary building into a hearse, and both witnesses observed graveside services being conducted by Ms. Collins. Also

4

introduced at the hearing was a letter from embalmer Rodney Williams to the Board, wherein Mr. Williams stated that Ms. Collins had listed him as the embalmer on several death certificates, but that he had never embalmed for Ms. Collins.

On August 15, 2011, the Board entered a decision denying Ms. Collins's and Collins Chapel's requests to have their licenses reinstated, specifically finding that Ms. Collins and Collins Chapel provided funeral services after their licenses were revoked. The appellants filed a petition for judicial review, and the circuit court entered an order affirming the Board's decision on November 7, 2012, concluding that the Board's decision was supported by substantial evidence. Ms. Collins and Collins Chapel now appeal to this court.

On appeal, Ms. Collins and Collins Chapel contend that the Board's actions were an abuse of power and based on a petty grievance with an agenda to harm Ms. Collins. The appellants particularly take issue with Board members Effie Clay, Terry Woodard, and Garland Camper, arguing that these members poisoned the proceedings and were biased against Ms. Collins, engaging in an intentional course of conduct to deprive her of a license as a funeral director. The appellants also argue that the Board's decision was based entirely on hearsay evidence, that she was denied due process and equal protection as guaranteed by the United States Constitution, and that she was a victim of sex discrimination. The appellants further note that Ms. Collins's criminal record for operating a funeral home without a license was expunged in March 2012, and they assign error to the Board's consideration of its prior orders of suspension and revocation and the findings contained therein. The appellants also dedicate a considerable portion of their brief to challenging the Board's suspension of

5

SLIP OPINION

Ms. Collins's license in April 2008. The appellants argue that the Board's denial of their requests for reinstatement was unsupported by substantial evidence and was arbitrary and capricious, and therefore that the Board's decision should be reversed.

Pursuant to Arkansas Code Annotated section 17–29–201 et seq. (Repl. 2010), the Arkansas State Board of Embalmers and Funeral Directors is the state agency charged with the task of regulating the funeral-services profession, which includes licensure and regulation of funeral directors and funeral establishments. The Board is authorized to suspend or revoke licenses of funeral directors for violations of the licensing law under section 17–29–311, and to revoke establishment licenses under section 17–29–307. *Ark. Bd. of Embalmers & Funeral Dirs. v. Richardson*, 2009 Ark. App. 447. Arkansas Code Annotated section 17–29–311(a)(9) provides that the Board may "refuse to issue or renew a license" upon a finding that the party in question has "[v]iolated any provision of this subchapter." Arkansas Code Annotated section 17–29–311(e) provides:

> It shall be unlawful for any person, partnership, corporation, or association who has not been licensed or registered as specified in this subchapter to transact, practice, or hold himself or herself or itself out as transacting or practicing embalming or funeral directing or operating or maintaining a funeral establishment within this state.

Contrary to the appellants' argument, in reaching its decision in this case as to whether to reinstate appellants' licenses, it was relevant for the Board to consider the previous infractions against appellants resulting in their licensure suspensions and revocations. The record demonstrates that beginning in May 2007, the appellants engaged in a systematic course of committing violations, resulting in suspensions, probation, and ultimately revocation of their funeral-director and funeral-establishment licenses. Although appellants argue on appeal that

Ms. Collins's initial suspension in April 2008 was improper, that suspension was affirmed in a prior appeal to this court, and this argument is now barred by res judicata. *See City of Fayetteville v. Fayetteville Sch. Dist. No. 1*, 2013 Ark. 71, __ S.W.3d __ (res judicata precludes relitigation of a cause of action). The record shows that after the suspension Ms. Collins's and Collins Chapel's licenses were revoked for providing funeral services without a license, and in the hearing on appellants' requests for reinstatement evidence was presented showing that even after their licenses were revoked the appellants continued to conduct funerals in violation of our statutes.[1] In light of the pattern of violations and the appellants' complete and intentional disregard of the Board's prior orders of suspension and revocation, we have no hesitation in holding that the Board's denial of appellants' requests for licensure reinstatement was supported by substantial evidence and was not an arbitrary or capricious decision.

Although the appellants also argue on appeal that their constitutional rights were violated, most of these arguments, including Ms. Collins's claim that she was a victim of sex discrimination, were not made to the Board and thus are not preserved for review. *See Ark. Bd. of Exam'rs in Counseling v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998) (It is essential to a review under the Administrative Procedure Act that issues must be raised before the administrative agency appealed from or they will not be addressed by the appellate court.). Moreover, there is nothing in this record to demonstrate any constitutional violations.

---

[1]Although Ms. Collins's criminal record for operating a funeral home without a license was later expunged, the expungement was not before the Board because it came after the Board's decision. Moreover, there was ample evidence outside of her criminal record to support the Board's finding that Ms. Collins conducted funerals after her license had been revoked.

7

Ms. Collins did file a motion below for Board member Garland Camper to recuse, noting that he had previously resigned as Pulaski County Coroner and arguing that due process required that he recuse or be removed from the Arkansas State Board of Embalmers and Funeral Directors. However, employment as a county coroner is not among the requirements for any Board position, *see* Ark. Code Ann. § 17-29-201, and there was no evidence presented showing that Mr. Camper was unqualified to serve on the Board or biased against Ms. Collins. Although appellants also challenge on appeal the presence of Mr. Woodard and Ms. Clay as members of the Board, the record shows that Mr. Woodard recused himself from these proceedings, and there is nothing in the record showing that appellants asked Ms. Clay to recuse. Furthermore, there was no evidence presented to indicate that any Board member was biased against Ms. Collins as appellants now suggest. Finally, as to appellants' argument that the Board's decision was entirely based on hearsay, we observe that the Board heard direct testimony at the hearing that appellants were conducting a funeral without a license. Moreover, we have held that hearsay is normally admissible in administrative proceedings if it is reliable and probative. *Ark. State Bd. of Nursing v. Long*, 8 Ark. App. 288, 651 S.W.2d 109 (1983).

We conclude that none of the contentions presented by the appellants in this appeal are persuasive, and on this record we hold that the Board's decision was supported by substantial evidence. Therefore, we affirm the decision of the Board.

Affirmed.
WALMSLEY and BROWN, JJ., agree.
*Larry J. Steele PLC*, by: *Larry J. Steele*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Mark N. Ohrenberger*, Ass't Att'y Gen., for appellee.

SLIP OPINION