Richard R. HEATH, Director, Department
of Finance and Administration, State
of Arkansas *v.* EL DORADO GOLF
& COUNTRY CLUB

75-47

528 S.W. 2d 394

Opinion delivered October 20, 1975

*Karl D. Glass*, Chief Counsel; *Harlin R. Hodnett, Robert G. Brockman, James R. Eads, Jr.,* and *James R. Cooper,* for appellants.

*Robert C. Compton*, of *Brown, Compton & Prewett, Ltd.*, for appellees.

J. Fred Jones, Justice. This is an appeal by Richard R. Heath, Director of Department of Finance and Administration of the State of Arkansas, from a declaratory judgment in favor of the appellee, El Dorado Golf & Country Club, wherein the circuit court held void an assessment, and enjoined the collection, of Arkansas gross receipts tax on membership dues collected by and paid to the appellee, El Dorado Golf & Country Club.

The only question presented at the trial in this case was whether membership dues paid by members of a country club are subject to the gross receipts tax imposed by Ark. Stat. Ann. § 84-1903 (Repl. 1960), and the only question before us on appeal is whether the trial court erred in holding the tax not applicable to such dues. The Director contends that the tax is collectable under authority of § 84-1903, specifically subsection (e) of the statute, and the appellant contends in points for reversal as follows:

> "The Legislature intended that 'dues' as well as 'fees' paid for the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities be subject to Arkansas Gross Receipts Tax.
>
> The appellee, El Dorado Golf and Country Club, is a place which provides its members access to or the use of amusement, entertainment, athletic or recreational facilities."

The question presented was before this court in the case of *Scurlock, Comm. of Revenues* v. *Hardscrabble Country Club,* 224 Ark. 629, 275 S.W. 2d 638 (1955), but we did not reach the merits in that case because of improper venue. We did, however, consider and comment on the point here involved in *Cheney, Commr.* v. *Tolliver,* 234 Ark. 973, 356 S.W. 2d 636, wherein the gross receipts tax on coin-operated music machines was primarily involved and the memorandum opinion of the chancellor was adopted as a part of the opinion by this court on appeal. In the *Tolliver* case § 84-1903 (e) was considered in connection with § 84-1902 (c). The pertinent portions of these sections read as follows:

"84-1902 — The following words and phrases shall, except where the context clearly indicates a different meaning, have when used in this act [§§ 84-1901 — 84-1904, 84-1906 — 84-1919], the following meanings:

* * *

(c) Sale: The term 'sale' is hereby declared to mean the transfer of either the title or possession for a valuable consideration of tangible personal property, regardless of the manner, method, instrumentality, or device by which such transfer is accomplished. The term 'sale' is also declared to include the exchange, barter, lease or rental of tangible personal property where such exchange, barter, lease or rental results or may result in either the transfer of the title or the possession. The term 'sale' shall include also he sale, giving away, exchanging or other disposition of admission, dues or fees to clubs, to places of amusement, recreational, or athletic events, or for the privilege of having access to or the use of amusement, recreational, athletic or entertainment facilities. The term 'sale' shall not include the furnishing or rendering of service or services, except as is herein otherwise provided.

84-1903 — There is hereby levied an excise tax of three per centum (3%) upon the gross proceeds or gross receipts derived from all sales to any person subsequent to the effective date of this act . . . of the following:

* * *

(e) The sale of tickets or admissions to places of amusement, to athletic, entertainment, recreational events, or fees for the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities, including free or complimentary passes and tickets, admissions, dues or fees, such fee or complimentary passes, tickets, dues or fees hereby being declared to have a value equivalent to the sale price of tickets, passes, admissions, fees or dues of like kind or character."

In the *Tolliver* case, *supra*, the chancellor's opinion which was adopted by this court reads in part as follows:

" 'For the issues to be resolved, the court must determine the implications raised by the above two sections.

Q. Do they cover the proceeds derived from Automatic Mechanical Music Machines?

To do this, the court will first analyze the section which levies the tax. What does it levy the tax on?

1. The sale of tickets and admissions to
    a. Places of amusement.
    b. To athletic events.
    c. To places of entertainment.
    d. To recreational events.

2. It also levies on fees for the privilege of one having access to or the use of,
    a. Amusement facilities.
    b. Entertainment facilities.
    c. Athletic facilities.
    c. Recreational facilities.

Note: (this section does not make a levy on 'Dues' unless they are free or complimentary).

\* \* \*

In *Wiseman* v. *Arkansas Utilities Co.*, 191 Ark. 854, 88 S.W. 2d 81, it was said:

It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer and against the taxing power.' "

After copying the above from the memorandum opinion of the chancellor, this court in *Tolliver* said:

"We do not deem it necessary to add anything to the Chancellor's opinion concerning the application of Act No. 386 of 1941, as his reasoning is clear and sound.

\* \* \*

And what the Chancellor quoted from *Wiseman* v. *Arkansas Utilities Co.,* 191 Ark. 854, 88 S.W. 2d 81, is *apropos* here:

'It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt is must be resolved in favor of the taxpayer, and against the taxing power.' "

It is true, as pointed out in *Hervey* v. *Southern Wooden Box,* 253 Ark. 290, 486 S.W. 2d 65 (1972), it is our duty to give the statute a reasonable interpretation but, as we said in *Jefferson Coop. Gin* v. *Milam,* 255 Ark. 479, 500 S.W. 2d 932 (1973):

" [L]et us bear in mind that there is also a cardinal rule which must be observed in construing taxing legislation. In *Commissioner of Revenues* v. *Arkansas State Highway Commission,* 232 Ark. 255, 337 S.W. 2d 665, we said, quoting an earlier case [*Scurlock* v. *City of Springdale,* 224 Ark. 408, 273 S.W. 2d 551]:

'It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer, and against the taxing power.'

See also Cook, *Commissioner of Revenues* v. *Ayers,* 214 Ark. 308, 215 S.W. 2d 705, and cases cited therein."

We conclude that the phrase "of the following" in § 84-1903, *supra,* limits the sales for which the gross receipts tax is levied. Although the definition of "sale" in § 84-1902 includes

"dues or fees to clubs," that term is absent from the tax imposing section as noted in the chancellor's opinion adopted by this court in *Tolliver, supra*. Had the Legislature intended to impose the tax on club membership dues or fees, other than when free or complimentary, it could easily have done so during the legislative sessions since 1962 when the deficiency was noted in *Tolliver*.

The judgment is affirmed.

HOLT and ROY, JJ., not participating.