Mr. and Mrs. Oscar TALLEY
*v.* Silas BLACKMON

CA 80-350                                            609 S.W. 2d 113
Court of Appeals of Arkansas
Opinion delivered December 17, 1980

*R. L. Walloch* and *Raymond Weber*, for appelalnts.

*J. Roy Howard* and *Gene Worsham*, for appellee.

W. HAROLD FLOWERS, Judge. Appellants appeal from an order of the chancery court granting appellee motion for a summary judgment and dismissing appellants' complaint on the ground that a prior action filed by appellants in the circuit court seeking a money judgment estopped them from instituting this action in chancery court seeking judgment and an equitable mortgage.

Appellants, an aged couple married for fifty-two years, withdrew from their savings accounts the sum of $22,000 at the request of the appellee and his wife, the son-in-law and daughter of appellants, and paid off the mortgage on their home. Pursuant to an oral agreement between the parties, that the advancement would be repaid in monthly payments of $250, appellee and his wife made five payments in the sum of $250 each, the last being made by the appellee on April 2, 1976, a few days subsequent to the death of his wife on March 26, 1976. Thereafter appellee refused to make further payments on the loan.

On May 2, 1977, appellants filed suit against appellee in the circuit court seeking recovery of the unpaid balance of the loan. An answer was filed by appellee generally denying the allegations and specifically pleading the Statute of Frauds. The suit proceeded to trial, and upon the close of appellants' case appellee moved for a directed verdict on the ground the evidence shows the oral agreement was not to be performed in one year and was not enforceable because of the Statute of Frauds. Appellants thereupon elected to take a non-suit and the cause was dismissed without prejudice on May 16, 1978.

On June 20, 1978, appellants filed an action in the chancery court for the debt and declaration of an equitable mortgage. Whereupon, appellee filed an answer invoking the defenses of election of remedies, estoppel, and Statute of Frauds, and asked dismissal of the complaint or in the alternative summary judgment. The trial court held appellants elected their remedy in the circuit court action and were estopped from re-instituting this action in the chancery court.

On appeal appellants contend the chancery court erred in ruling appellants were barred from pursuing this action in chancery and we agree.

If a plaintiff files an action to enforce one remedy and dismisses it without prejudice, he is thereafter barred from pursuing an action seeking enforcement of an inconsistent remedy. *Miller* v. *Empire Rice Mills, Inc.*, 228 Ark. 1161, 312 S.W. 2d 925 (1958).

The chancery suit was not in conflict with the circuit court suit, but only sought an equitable lien in addition to judgment for the debt. The pleadings and circumstances do not bring the case within the rule which bars a second suit which attempts to obtain relief in conflict with the first action.

It is clear from a review of the evidence appellants entered into an oral agreement whereby appellants loaned appellee and wife $22,000 and that appellee agreed to repay the loan at the rate of $250 per month. The proceeds of the loan were used to pay off an existing mortgage on

appellee's home. Appellee and his wife made five monthly payments on the loan, and appellee then declined to make further payments. While the trial court dismissed the case on the erroneous theory appellants were barred because of a prior election of remedy in the circuit court action, it was stipulated the evidence was fully developed. This being an appeal from the chancery court, we review the case de novo and dispose of all issues. *Royal Manor Apartments* v. *Parnell*, 258 Ark. 166, 523 S.W. 2d 909 (1975).

Appellee pled as a defense the Statute of Frauds, but we hold the full performance on the part of appellants by extending the loan and part performance on the part of appelee in making payments on the loan operated to take the oral agreement out of the Statute of Frauds, which would apply except for the circumstances of performance, since the agreement was not to be performed by appellee within one year. This holding is supported by numerous cases from various jurisdictions cited in 6 ALR 2d 1122, and by *Ferguson* v. *Triplett Co.*, 199 Ark. 546, 134 S.W. 2d 538 (1939). Two of the well reasoned cases from other jurisdictions supporting this rule are *McDonald* v. *Crosby*, 61 N.E. 505 (Ill. 1901) and *Kneeland* v. *Shroyer*, 328 P. 2d 753 (Ore. 1958). This rule should have been followed in the circuit court action.

There is no evidence of any agreement that appellee would provide a mortgage to secure the debt, and thus we find no basis for an equitable mortgage.

No objection was made to the jurisdiction of the chancery court, and absent an objection the chancery court should have rejected judgment on the undisputed evidence for the accrued unpaid monthly payments.

The judgment is reversed and the case is remanded for entry of judgment in favor of appellants for all accrued and unpaid monthly payments.

Reversed and remanded.