Roy KEITH, Collector of Pulaski County, Arkansas, et al
*v.* BARROW-HICKS EXTENSIONS OF WATER
IMPROVEMENT DISTRICT NO. 85 of Pulaski County,
Arkansas, et al

81-178                                         626 S.W. 2d 951

Supreme Court of Arkansas
Opinion delivered January 25, 1982

*Wilbur C. Bentley,* Pros. Atty., by: *Hugh L. Brown* and *Steven L. Curry,* Deputy Pros. Attys., for appellants.

*Townsend & Townsend, Ltd.,* by: *Willis Townsend,* for appellees.

ROBERT H. DUDLEY, Justice. Appellees, sixteen improvement districts comprised of drainage districts, municipal improvement districts and suburban improvement districts, sought a declaratory judgment, a mandatory injunction and damages against appellants, the collector and treasurer of Pulaski County, for withholding ten percent of the combined assessment and penalty or fee on delinquent property located within the various districts. One of the prayers for relief asked for a judgment of $6,649.81, the amount allegedly wrongfully withheld from May 1, 1975 until the date of filing the complaint, April 26, 1978, along with any additional amounts withheld during the pendency of the suit. An accounting was not requested.

At trial the only fact put in evidence was that the appellant collector had withheld ten percent of the combined delinquent assessments, penalties or fees. That fact was material to the declaratory judgment and injunction.

The appellee districts attempted to prove the amounts withheld in order to prove their damages. The appellants objected to a recapitulation or summary of damages which had been prepared by appellees' attorney. The court did not rule on the objection. The summary was neither proffered nor ordered in evidence and therefore we have no way to

examine it on this de novo appeal. The chancellor later ruled that an injunction should issue against the collector mandating that he collect the assessments, penalties or fees from the delinquent taxpayer and not from the districts and appellee districts were given a judgment for court costs. However, the last paragraph of the order provides that the "court retains jurisdiction for such further orders as may be required pertaining to an accounting . . . " for damages.

Is this a final and appealable order? In *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W. 2d 605 (1967), we stated that for an order to be appealable

> . . . it must in form or effect: terminate the action; operate to divest some right so as to put it beyond the power of the court to place the parties in their former condition after the expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy.

and that

> An appeal will not lie from an interlocutory order relating only to some question of law or matter of practice in the course of the proceeding, leaving something remaining to be done by the court entering the order or by some court having jurisdiction to entertain the same and proceed further therewith.

Commencing with *Arkansas State Highway Com'n.* v. *Kesner*, 239 Ark. 270, 388 S.W. 2d 905 (1965), we have consistently held that an order which establishes a plaintiff's right to recover, but leaves for future determination the exact amount of damages, is not final. Equity has jurisdiction to order an accounting and restitution for an illegal exaction, *Munson* v. *Abbott et al*, 269 Ark. 441, 602 S.W. 2d 649 (1980), and a court of equity can fashion the relief justified by the proof. *Whitten Developments, Inc.* v. *Agee*, 256 Ark. 968, 511 S.W. 2d 466 (1974). Thus, unless we hold that the chancellor abused his discretion in retaining jurisdiction for a possible subsequent accounting, the order of the trial court is not yet appealable. On de novo review we conclude that the

chancellor erred in "retaining jurisdiction for such further orders as may be required pertaining to an accounting . . . " Appellee districts filed this case in 1978 and pleaded entitlement to damages dating back to 1975. Appellant officials asked that the case be tried and also moved that it be dismissed for failure to timely prosecute the action. It was not tried until 1981. The appellee districts neither asked for an accounting nor did they prove any need for one as the collector's records are a matter of public record. Unfortunately, appellees failed to prove their damages or make a record. However, in equity, in the absence of surprise, the cause of action and the relief granted are determined by the allegations of fact in the pleadings. *Henslee* v. *Kennedy,* 262 Ark. 198, 555 S.W. 2d 937 (1977). While the chancellor could have allowed a recess to obtain the proof, or could have allowed a non-suit, he erred in retaining jurisdiction for a later action "pertaining to an accounting." Fairness dictates that the case be ended and the appellants be allowed to appeal rather than face an additional delay and suffer the additional expense of some unspecified type of hearing at some unknown date when the future hearing was neither pleaded nor required by proof and the proposed future hearing was solely occasioned by the appellees' failure to prove their damages. The decision was final and the appellants have a right to appeal.

The principal issue in this case is whether Ark. Stat. Ann. § 20-1132 (Supp. 1981) authorizes appellant collector to collect ten percent of the combined tax and penalty from the redeeming taxpayer or from the taxing authority districts. As can be seen, the statute is ambiguous:

> One receipt issued for lands redeemed in counties of more than 150,000 population — County collector's fee. — Any person, firm or corporation having an interest in any property which has been certified by the County Collector's office prior to the enactment of this law, for delinquent assessment(s) in any improvement district and which property has not been sold for such delinquent assessment(s) prior to the enactment of this law, may pay the assessment(s) or redeem said property within the time and in the manner now provided by

law, except that one (1) receipt or certificate of redemption shall be issued to such person, firm or corporation embracing all of the property in the improvement district on which assessments are then paid or redemption then made by said person, firm or corporation, regardless of the number of calls describing the property or the number of years of delinquency, and for which receipt or certificate of redemption the said Collector shall be entitled to a fee equal to ten (10) per cent of the combined tax and penalty collected. And on all delinquent improvement district property certified by the County Collector's office subsequent to the enactment of this law, the Collector's cost for redemption shall be a fee equal to ten (10) per cent of the combined tax and penalty collected on each call, or twenty-five [cents] (25¢) per call, whichever is greater.

The appellants contend that the statute is vague and that a tax cannot be imposed except by clear and express words. See, *Heath v. El Dorado Golf and Country Club*, 258 Ark. 664, 528 S.W. 2d 394 (1975), citing *Wiseman v. Arkansas Utilities Co.*, 191 Ark. 854, 88 S.W. 2d 81 (1935). That argument does not decide the issue because the statute is not the exaction of a tax but instead deals with a redemption fee. It is a method of statutory reimbursement to the collector for the additional expense which the landowner caused by failing to pay his assessment on time. A common sense interpretation of the statute dictates that the collection of the delinquency fee be had from the delinquent landowner and not from the district. It is clearly inequitable to require the other property owners in the districts who have paid their assessments on time to bear the costs of collecting from the delinquent owner, which is the result if the districts pay ten percent of the combined assessment and penalty or fee to the collector.

The chancellor correctly applied a sensible approach to statutory construction. "We have long held that statutory construction requires a common sense approach." *Henderson v. Russell*, 267 Ark. 140, 589 S.W. 2d 565 (1979). We affirm the injunction prohibiting the collector from with-

holding ten percent of the combined assessment, penalty and fee from the various districts.

Appellants argue that because the case was three years old it should have been dismissed under Rule 10 of the Uniform Rules for Circuit and Chancery Courts, Ark. Stat. Ann. Vol. 3A (Repl. 1979). It is within the discretion of the trial judge to dismiss cases for lack of prosecution. We find no abuse of discretion in the failure to dismiss this case. Even had the chancellor dismissed the case it would have been without prejudice.

Affirmed as modified.