ARKANSAS REAL ESTATE COMMISSION
*v.* Ralph HALE and Ronald OWENS

CA 83-374                                    674 S.W.2d 507

Court of Appeals of Arkansas
Division I
Opinion delivered August 29, 1984

*Steve Clark*, Atty. Gen., by: *Thomas S. Gay*, Asst. Atty. Gen., for appellant.

*Wright, Lindsey & Jennings*, for appellee.

JAMES R. COOPER, Judge. This appeal results from the trial court's reversal of the appellant's order suspending the broker licenses of the appellees. The appellant Arkansas Real Estate Commission, after a hearing pursuant to the Administrative Procedures Act, Ark. Stat. Ann. § 5-701 et seq. (Repl. 1976), found that appellee Owens had engaged in conduct which constituted improper or dishonest dealings with purchasers of land which the appellees purported to own. The appellee Hale's conduct in this transaction was found to be improper. The appellant suspended appellee Owens' license for a one-year period and suspended appellee Hale's license for a 45-day period. The circuit court reversed the Commission's decision, finding that it was not supported by substantial evidence. We disagree with the trial court, and therefore we reverse the circuit court and reinstate the decision of the appellant.

An advertisement appeared in the classified section of a Memphis newspaper in May, 1979 advertising 41 acres of land in the St. Francis River Bottoms for sale. Upon seeing this, James Edgar, a Mississippi resident, contacted the appellees whose company name, Hale Realty Company, appeared in the ad. The ad stated that Arkansas Game & Fish had a patent to manage fish and game on the land and that the owner would provide a special warranty deed. Mr. Edgar and the appellees went to view the land which was flooded at the time, and Mr. Edgar, upon inquiry, was advised

that the patent referred to in the ad gave the Game & Fish Commission only the right to manage wildlife, and that the purchaser would have all other rights incident to fee ownership, except the mineral rights. Subsequently, Mr. Edgar and his wife executed an offer and acceptance which acknowledged the existence of the Game & Fish patent. After closing, the Edgars were informed that the Game and Fish Commission was claiming full ownership of the lands in question and also discovered that they could not secure title insurance on the property. The Edgars filed a complaint with the Real Estate Commission over this transaction, and the hearing in which the appellant suspended the appellees' licenses followed.

For reversal, the appellant argues first that the court erred in finding that the appellees made full disclosure of the patent and therefore were not required to disclose to the purchasers prior to closing the fact the Arkansas Game & Fish Commission claimed to own the property. We agree. At the hearing before the appellant Commission, it was brought out that the appellees had attempted to sell the land in question, Lot 5 of the St. Francis River Bottoms, to the Game & Fish Commission at the same time they sold other lands in this area to the Game and Fish Commission. The Game and Fish Commission refused to purchase this particular lot for the reason that it believed the patent it had received from the federal government gave it fee ownership of the land, subject only to the reverter in the patent which would be triggered if Game and Fish failed to manage the lands as set out in the patent. Thus, the appellees were aware of the Game and Fish Commission's claim of full ownership, failed to disclose this to the Edgars, and represented to them that the patent meant only that the Game and Fish Commission would manage the wildlife on the property. Upon inquiry by Mr. Edgar, the appellees further advised him that he could remove timber off the land, and could exercise other rights which would obviously conflict with the claim of the Game and Fish Commission. The Real Estate Commission's finding that the appellees failed to make full disclosure of the patent is supported by substantial evidence.

The appellant's second point for reversal is that the administrative decision that the appellees failed to disclose the Game and Fish Commission's claim of ownership is supported by substantial evidence. At the risk of being repetitive we feel that it is clear from the findings recited above, and the evidence presented at the hearing before the appellant, that the appellees failed to disclose to the Edgars that Game and Fish were claiming more than the right to simply have an easement for wildlife management purposes. The representations made by the appellees that the Edgars would have all rights incident to full ownership were obviously made with knowledge that the Game and Fish Commission at the very least disagreed with this position, and had a U.S. Government patent which specifically referred to Lot 5 to back up its claim. With this in mind, we feel the appellant's finding that the appellees should, at the very minimum, have at least informed the Edgars of this claim, was supported by the evidence presented at the hearing.

The appellees contend that because the appellees were not employed by the Edgars, they were under no duty to deal fairly with all parties to the transaction. However, in *Black v. Arkansas Real Estate Commission,* 275 Ark. 55, 626 S.W.2d 954 (1982), the Arkansas Supreme Court held that where a broker sells his own land but conducts the transaction in his real estate office where his license is prominently displayed, the Commission has the authority to discipline him although he is performing acts which do not require a license. Here, the appellees took out the advertisement under the name of their real estate company and executed the offer and acceptance in their office, where, by law, they must display their licenses. It is clear from the Edgars' testimony, they were relying upon the appellees' knowledge as real estate brokers in purchasing the land without consulting an attorney or another person knowledgeable in such matters.

In reviewing the actions of an administrative board or agency, the circuit court's review of the evidence is limited to a determination of whether there was substantial evidence to support the action taken. On appeal to this court, our review

is similarly limited to a determination of whether the action of the board or agency is supported by substantial evidence. *Arkansas Real Estate Commission v. Harrison,* 266 Ark. 339, 585 S.W.2d 34 (1979). Substantial evidence has been defined as valid, legal and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion, and force the mind to pass beyond conjecture, *Pickens-Bond Const. Co. v. Case,* 266 Ark. 323, 584 S.W.2d 21 (1979). Considering the evidence as a whole, we cannot say that the decision of the appellant was not supported by substantial evidence. On the contrary, we find that there was abundant evidence from which a reasonable mind could conclude that the actions of the appellees in failing to fully disclose the claim of the Arkansas Game and Fish Commission to the Edgars was improper, and in the case of appellee Owens, dishonest. Therefore, the decision of the circuit court is reversed and the case is remanded to the circuit court with directions to reinstate the order of the Arkansas Real Estate Commission.

Reversed and remanded.

MAYFIELD and CLONINGER, JJ., agree.