ARKANSAS REAL ESTATE COMMISSION *v.* Jasper
O. HOGGARD

CA 85-421                                               717 S.W.2d 822

Court of Appeals of Arkansas
Division I
Opinion delivered October 22, 1986

*Steve Clark*, Att'y Gen., by: *Thomas S. Gay*, Asst. Att'y Gen., for appellant.

*James O. Strother*, for appellee.

LAWSON CLONINGER, Judge. Appellant Arkansas Real Estate Commission raises three points for reversal of a circuit court ruling overturning a Commission decision. Under our standard of review for administrative proceedings, we find no error in the court's determination, and we accordingly affirm its order.

On March 11, 1985, the Commission heard evidence on whether to suspend or revoke appellee Jasper Hoggard's real estate broker's license. Appellee had been charged with failing to supervise the activities of real estate salesmen licensed under him as the principal broker at SMI Investments, failing to notify appellant of his changing addresses, and failing to return his and his salesmen's licenses upon leaving SMI Investments. The Commission found appellee guilty of failing to supervise properly and of failing to return the licenses in violation of the law and revoked his license.

On April 8, 1985, the Commission heard further evidence at appellee's request. Subsequently, appellant affirmed its earlier decision but ordered that appellee could be relicensed upon successful completion of the broker's examination after one year.

Appellee filed an appeal with the Circuit Court of Washington County. The circuit judge found that appellee had substantially complied with the requirements of the law in returning his license. Moreover, the court found that there was no evidence of record that appellee had actual knowledge that a suspended broker had undertaken to sell real estate or that appellee had engaged in any sort of arrangement, conspiracy, or understand-

ing with the suspended broker to sell real estate or had knowledge of such conduct. Holding that the evidence of record fell short of being substantial, the circuit court reversed the decision of the Commission. From that ruling, this appeal arises.

The Commission argues, in its first point for reversal, that the trial court erred in holding that appellee had to have actual knowledge of improper acts in order for appellant to impose disciplinary action. Appellant contends that such a requirement negates the principal broker's supervisory responsibility emphasized by Ark. Stat. Ann. § 71-1306(e) (Supp. 1985) and Arkansas Real Estate Commission Regulation 33.

In reviewing the actions of an administrative commission or agency, a circuit court's review of the evidence is limited to a determination of whether there was substantial evidence to support the action taken. On appeal, we are similarly limited to a determination of whether the action of the commission or agency is supported by substantial evidence. *Arkansas Real Estate Commission* v. *Hale*, 12 Ark. App. 229, 674 S.W.2d 507 (1984). *See also Black* v. *Arkansas Real Estate Commission*, 275 Ark. 55, 626 S.W.2d 954 (1982). Substantial evidence has been defined as valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion; it must force the mind to pass beyond conjecture. *Arkansas Real Estate Commission* v. *Hale, supra.*

On the basis of the record, we cannot see how a reasonable mind could have reached the conclusion that appellee was guilty of wrongdoing in the supervision of Robert Eckels, a broker whose license had been revoked and who had offered to sell real estate to a Commission investigator. Eckels had placed an advertisement in a Fort Smith newspaper on November 27, 1984, that prompted an investigation. Appellee was in Dallas from Wednesday through Sunday of that week, and was unaware of the listing. The circuit court found that there was no substantial evidence that appellant had actual knowledge of Eckels's action. Nothing in either the statutes or the Commission Regulations imposes the burden of constructive knowledge upon brokers. We therefore believe the court was correct.

Appellant's second point for reversal is merely an elaboration of the theme stated in its first point—*i.e.*, that the circuit

court erred in reversing the Commission's finding that sufficient evidence existed to find that appellee had failed strictly to supervise the salesmen associated with his firm. Putting the actual knowledge argument aside, appellant contends that appellee's failure to review the newspaper real estate advertisements on his return from Dallas, which presumably would have led to the detection and possible prevention of Eckels's unlawful conduct, constituted a failure strictly to supervise the broker's activities.

■ Arkansas Real Estate Commission Regulation 33 states that "It shall be the duty of a broker to instruct his salesmen to regard the fundamentals of real estate practice and the ethics of the profession and to exercise strict supervision of their real estate activities." Although it was appellee's customary practice to review all real estate advertisements in the local paper, we do not see how his act of omission in this instance amounts to substantial evidence of a violation of Regulation 33. In any event, the advertisement was listed under a business heading, and Eckels had permission from the Commission to continue to sell non-residential property. Eight of the nine listings in the ad were for business real estate; the ninth, which brought about the investigation, was an apartment listing. Appellee was not a target of the investigation and did not learn about the advertisement until the Commission notified him in advance of the March 11, 1985, hearing. This does not, in our view, constitute substantial evidence of a failure strictly to supervise sales personnel.

In its third point for reversal, appellant argues that the circuit court erred in holding that there was no substantial evidence to support the Commission's finding that appellee failed to return all licenses under Regulation 13(b), which requires a broker, upon closing his firm or place of business, to return all licenses and pocket cards to the Commission for cancellation. Appellee had begun moving from Fort Smith to Springdale on January 3, 1985. He submitted his broker's license and pocket cards to appellant on January 15, 1985, almost two weeks later.

■ Appellant contends that appellee did not surrender his license as principal broker until the commission's staff contacted him at Springdale and speculates that he intended to leave his license with the firm he had left until the suspension imposed on Eckels was lifted in February. We do not, however, sit as a

factfinder, and such conjecture is beyond the scope of our review.

 The record indicates that, in the process of relocating, appellee made frequent trips between Fort Smith and Springdale during the period in question. He was in the Fort Smith office on January 7, 11, and 12, winding down business. Appellee received a phone call from the Commission on January 14, 1985, and mailed in his license the following day. There is no substantial evidence to indicate that he was engaged in any business transactions during the time in which he was moving, and nothing in the record justifies appellant's speculation regarding his motives for delay.

Affirmed.

COOPER, J.. and WRIGHT, Special Judge, agree.