Robert ECKELS *v.* ARKANSAS REAL ESTATE COMMISSION and Les Huff

CA 89-145                                        783 S.W.2d 864

Court of Appeals of Arkansas
Division II
Opinion delivered January 24, 1990

70

*Dooley Law Office*, by: *Edwin G. Dooley, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. This appeal results from the action of the Arkansas Real Estate Commission revoking the appellant's real estate license and awarding Les Huff and Nathan Huff damages in the total amount of $8,286.40, jointly. The appellant alleges that the circuit court erred in dismissing his petition for review and raises four points on appeal. We find the decision of the commission was supported by substantial evidence and affirm.

The Arkansas Real Estate Commission, on the complaint of Les Huff and on its own motion, charged the appellant with violation of the Arkansas Real Estate License Laws and commission regulations based upon certain misrepresentations in selling Sugar Mountain Estates. In January 1982, and in April 1982, Les Huff, Nathan Huff, and Michael Deane contracted through Tom Sinclair, salesman for Rocking EZ Real Estate Agency, to purchase four parcels of land from Sugar Mountain Estates. Sugar Mountain Estates was a partnership owned by the appellant, Robert Eckels, and by George Wattles. The appellant is also Rocking EZ Real Estate Agency's principal broker. The real estate sales and escrow agreements entered into by the parties

provided in part:

IV. SELLER COVENANTS: Seller covenants and agrees:

A. That Seller has a title insurance policy and the policy contains only the usual and customary exceptions as to unrecorded liens, or future taxes, and subject to lien on the entire tract on which the tract described in Section 1 of this contract and on which tract the Escrow Agent has a release deed on file which the Escrow Agent is authorized to deliver to the Buyer upon Buyer's payment in full of this contract.

B. To execute and deposit with *Eckels, Inc. Escrow Agent*, a warranty deed conveying a good and marketable title to said lands unto Buyer free of all liens and encumbrances subject and except the following [not applicable].

Despite the language in the agreements representing that the escrow agent had a release deed on file and the agreement that the seller would deposit a warranty deed with the escrow agent, none of these documents were available at the time the Huffs and Deane purchased their lots in January and April of 1982. The appellant had been in the process of acquiring the property comprising Sugar Mountain Estate from Morgan Maxfield; however, Mr. Maxfield had died in September 1981 without having conveyed title to the property to the appellant. The Huffs and Deane, unaware that the deeds and title insurance policies provided for by the agreements were unavailable, began making their payments under these agreements to the appellant. Subsequently, Les Huff was notified to make all future payments to George Wattles pursuant to a decree entered by the Carroll County Chancery Court on November 15, 1983, which awarded the appellant's undivided one-half interest in Sugar Mountain Estates to Mr. Wattles. Appellee Huff continued making his payments under the agreement to Wattles for approximately three more years.

On May 30, 1984, Mr. Maxfield's estate sued for foreclosure on the property comprising Sugar Mountain Estates and was granted a judgment of $10,519.49, plus costs and attorney's fees, in a decree of foreclosure on July 10, 1984. Les Huff and Nathan

Huff then filed a complaint in Carroll County Chancery Court against the following persons:

> SUGAR MOUNTAIN ESTATES, a Partnership; ROBERT L. ECKELS a/k/a LEWIS ECKELS, GEORGE M. WATTLES and MARGARET L. WATTLES, Husband and Wife, individually and partners and SUGAR MOUNTAIN ESTATES: VOWELL AND ATCHLEY, Attorneys at Law, a Partnership, as Escrow Agents and Agents for SUGAR MOUNTAIN ESTATES and GEORGE M. WATTLES and MARGARET L. WATTLES.

The complaint is not included in the record of this case, but an order in the record, dated July 23, 1986, states that the plaintiffs had not obtained service upon defendants George Wattles, Margaret Wattles, and Sugar Mountain Estates, and service was therefore insufficient to obtain personal jurisdiction on these defendants. The order states that the court declined to dismiss the Huffs' complaint. The appellant states in his brief that the Huffs subsequently took a non-suit against the defendants.

A disciplinary hearing was held before the Arkansas Real Estate Commission on June 6, 1988, and the commission determined that the appellant had violated the real estate license laws and commission regulations by making certain misrepresentations; specifically, that release deeds were being held by the escrow agent; and by not obtaining the release deeds and warranty deeds as the agreements provided. The commission concluded that the appellant's conduct was improper, fraudulent, or dishonest and violated Ark. Code Ann. Section 17-35-309(10) (1987) and that the appellant was unfit to act as a real estate broker. The commission voted to immediately revoke the appellant's license and awarded Les Huff and Nathan Huff $8,286.40, jointly. The appellant petitioned the circuit court for review and, after review, the decision of the commission was affirmed.

■■ In reviewing the actions of the Arkansas Real Estate Commission, the circuit court's review of the evidence is limited to a determination of whether there was substantial evidence to support the action taken and, on appeal to this court, our review is similarly limited to a determination of whether the action of the commission is supported by substantial evidence. *Arkansas Real*

*Estate Comm'n* v. *Hale*, 12 Ark. App. 229, 232-33, 674 S.W.2d 507, 509 (1984); *see also Arkansas Real Estate Comm'n* v. *Harrison*, 266 Ark. 339, 343, 585 S.W.2d 34, 36 (1979). Substantial evidence has been defined as valid, legal and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion and force the mind to pass beyond conjecture. *Arkansas Real Estate Comm'n* v. *Hale*, 12 Ark. App. at 233, 674 S.W.2d at 509.

The appellant first argues that the appellee Arkansas Real Estate Commission did not have jurisdiction to discipline him regarding his transaction with Les Huff. He contends that, because he was not acting in the capacity of a real estate broker, but was selling property which he owned, he is exempted from the requirements of the commission's laws. Arkansas Code Annotated Section 17-35-101 (1987) defines a "Real estate broker" for the purposes of showing who is required to be licensed under the Real Estate License Law. Section 17-35-102 (d) (1987) exempts from these requirements an owner who personally sells or leases his own property.

In *Black* v. *Arkansas Real Estate Comm'n,* 275 Ark. 55, 626 S.W.2d 954 (1982), the Supreme Court held that, in certain situations, the Arkansas Real Estate Commission has the authority to act on complaints filed against a broker, even though the transaction complained of does not require the broker to be licensed. There, the appellant realtor appealed an action of the commission suspending his license for six months, contending the commission did not have jurisdiction to suspend his license because he was selling his own property and that his actions were therefore exempt from regulation by the commission. In upholding the commission's exercise of jurisdiction, the Court held that it was clear that the appellant had committed acts which would be in violation of the licensing statute, if the acts the appellant performed required a real estate license. The remaining issue was whether the commission had the authority to govern licensed salesmen and brokers who were acting on matters which do not require a license. The Court concluded that in certain situations the commission has such authority, stating:

> [T]he Commission admits that appellant was not acting as a salesman or broker at the time he sold the lots in question.

The Commission's order is based primarily upon a claim of his making substantial misrepresentation or false promises concerning the building of the road in the subdivision and the reliance of the purchasers that appellant's actions were sanctioned by the Real Estate Commission. These are grounds which may give rise to revocation or suspension and need not be made while the person is in fact acting as a broker or salesman.

One of the purposes set forth in the act is to "safeguard the interests of the public." We have held that statutes enacted for the benefit of the public should be liberally construed to effectuate the purpose of the act. *Laman* v. *McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968).

. . . .

In the present case it is obvious that appellant could have performed these very same transactions had he possessed no license at all. However, since the transactions dealt with real estate and most of the sales were initiated in his real estate office where his broker's license was prominently displayed, we think the purchasers were entitled to rely upon appellant to act in the manner in which a broker or salesman should act. Almost every purchaser of a lot in this subdivision indicated they relied upon the fact that appellant was a real estate broker. There is, of course, substantial evidence to support the finding of the Commission that appellant misrepresented matters and made false promises.

275 Ark. at 59-61, 626 S.W.2d at 957.

This Court followed the *Black* holding in *Arkansas Real Estate Comm'n* v. *Hale*, 12 Ark. App. 229, 232, 674 S.W.2d 507, 509 (1984), when we sustained the commission's order suspending the broker licenses of the appellees. The appellees had contended that, because they were not employed by the buyers, they were under no duty to deal fairly with all the parties to a transaction involving dealings with land which the appellees purported to own. We responded:

[I]n *Black* v. *Arkansas Real Estate Commission*, 275 Ark. 55, 626 S.W.2d 954 (1982), the Arkansas Supreme

Court held that where a broker sells his own land but conducts the transaction in his real estate office where his license is prominently displayed, the Commission has the authority to discipline him although he is performing acts which do not require a license. Here, the appellees took out the advertisement under the name of their real estate company and executed the offer and acceptance in their office, where, by law, they must display their licenses. It is clear from the Edgars' testimony, they were relying upon the appellees knowledge as real estate brokers in purchasing the land without consulting an attorney or another person knowledgeable in such matters.

*Arkansas Real Estate Comm'n* v. *Hale*, 12 Ark. App. at 232, 674 S.W.2d 509.

■ Relying upon our holding in *Hale*, the appellant here asserts that, before the commission could discipline him, the commission had to prove that, in purchasing his property, not only did Les Huff rely on the fact that appellant was licensed as a real estate broker, *but also* that the sale took place in his real estate office. The appellant, however, is reading our decision too literally. In *Hale*, we followed the holding in *Black, supra.* It is clear from reading *Black* that the fact that the transaction took place in the broker's office was merely evidence to be considered in determining whether the injured parties relied on the seller's status as a broker. That fact was not held to be a prerequisite to proving reliance.

■ In the case at bar, Les Huff admitted that the transaction was not closed in the appellant's real estate office and that he never met the appellant. He stated that the salesman with whom he did business, Tom Sinclair, told him the appellant was the person behind Rocking EZ Real Estate and that he assumed the appellant and Eckels, Inc., were the same thing. He further testified that, in agreeing to the purchase, he relied on the fact that the appellant was a licensed broker, owned the property being sold, and was acting as the escrow agent. We hold that there was sufficient evidence of Les Huff's reliance on the appellant's status as a broker in entering into the purchase agreement, and we sustain the commission's exercise of jurisdiction.

For his second point, the appellant contends that the com-

mission erred in awarding damages to Nathan Huff because he was not a party before the commission. The proceeding was commenced when the appellees, Les Huff and the Arkansas Real Estate Commission, charged the appellant with violation of the Arkansas Real Estate License Law. After the commission met and determined to revoke the appellant's license, a Recovery Fund Hearing was held pursuant to Ark. Code Ann. Section 17-35-401 (1987), *et seq.* The purpose of this hearing is to determine if an aggrieved party has suffered any damages as the result of a licensee's violation of a provision and, if the commission finds damages have been sustained, to direct the licensee to pay such damages to the aggrieved party or parties.

During the recovery fund proceeding, Les Huff testified that he, his cousin, Nathan Huff, and Michael Deane purchased the four parcels from Sugar Mountain Estates and pooled their money to make the installment payments on this property. He stated that they conducted their purchase as a partnership, but that the partnership had essentially been dissolved and he was the only one carrying it on. A bill of sale from Michael Deane was admitted into evidence, conveying all of his interest in Sugar Mountain Estates to Les Huff. Les Huff also introduced into evidence an affidavit signed by Nathan Huff, which gave him permission and authority to represent Nathan Huff's claim against the appellant before the commission. The appellant objected to anyone being made an additional party; however, his objection was not ruled upon. As noted earlier, in its Recovery Fund Order, the commission awarded damages of $8,286.40 to Les Huff and Nathan Huff, jointly.

The appellant relies on Ark. Code Ann. Section 16-61-112(a) (1987), which requires that the assignor be made a party as plaintiff or defendant when the assignment is not authorized by statute, in asserting that Nathan Huff was a necessary party to the appellees' complaint before the commission. While the appellant is correct that Nathan Huff would have been a necessary party in a suit for damages in circuit court, the appellees' action here involves a complaint before the Arkansas Real Estate Commission, which is governed by the rules of the Arkansas Administrative Procedures Act.

Arkansas Code Annotated Section 17-35-309

(1987), provides that the commission may, upon its own motion, investigate the actions of any real estate broker, and section 17-35-310 (Supp. 1989) provides that, before a license can be suspended, the commission shall set the matter for a hearing and afford the applicant or licensee an opportunity to be heard in person or by counsel and to offer oral testimony, affidavit, or depositions in reference thereto. These statutes allow the commission to charge a broker with violations of the real estate laws and do not require that a complaint must first be filed by an injured person. Moreover, section 17-35-406(a) (Supp. 1989) provides that "[i]n *any* disciplinary hearing before the commission . . . the commission shall then determine the amount of damages, if any, suffered by the aggrieved party or parties . . . [and] then direct the licensee to pay that amount to the aggrieved party or parties." (Emphasis added.) This section does not require the injured party to first file a complaint with the commission before the party is entitled to damages.

        ■ The Arkansas Supreme Court stated in *Black* v. *Real Estate Comm'n*, 275 Ark. at 59, 626 S.W.2d at 957, that one of the stated purposes of the act is to safeguard the interests of the public, "[and] that statutes enacted for the benefit of the public should be liberally construed to effectuate the purpose of the Act." Based on its interpretation of Section 17-35-406, the commission awarded Nathan Huff damages jointly with Les Huff; we do not find this award to be clearly erroneous. The interpretation of a statute by an administrative agency, while not conclusive, is highly persuasive and should not be overturned unless it is clearly wrong. *Arkansas Contractors Licensing Bd.* v. *Butler Construction Co.*, 295 Ark. 223, 225, 748 S.W.2d 129, 130 (1988).

        ■ We also disagree with the appellant's argument that Nathan Huff's claim was barred by the statute of limitations because he did not file his affidavit with the commission until more than five years after he signed the purchase agreements. *See* Ark. Code Ann. Section 16-56-111 (1987). The period of limitations for contracts runs from the point at which the cause of action accrues, rather than from the date of the agreement. *Rice* v. *McKinley*, 267 Ark. 659, 662, 590 S.W.2d 305, 307 (Ark. App. 1979). The question here is when did the cause of action accrue.

> [W]here . . . the parties have entered into an agreement which requires a series of mutual acts, some unilateral, some bilateral in character and have left the time of those acts open-ended, and where one contrives to receive the benefits of the agreement, and make lease payments annually thereunder, the cause of action does not accrue until one party has by word or conduct indicated to the other a repudiation of the agreement.

267 Ark. at 663, 590 S.W.2d at 308. In the case at bar, it appears that the earliest event which would have alerted Nathan Huff that his agreement was being breached by the appellant, setting in motion the statute of limitations, was when he received notice that an order of the Carroll County Chancery Court had awarded all of the appellant's interest in Sugar Mountain Estates to George Wattles. This order was not entered by the court until November 15, 1983, and was within five years of the date that Nathan Huff's affidavit was filed with the commission.

■ The appellant asserts for his third point that the doctrine of election of remedies barred the appellee Les Huff from filing a complaint before the commission. The appellant contends that, when Les Huff filed a complaint against him and the other defendants in chancery court, he elected a certain remedy and the fact that he subsequently took a non-suit to this proceeding does not prevent the doctrine of election of remedies from barring his complaint before the commission. "[I]f a plaintiff files an action to enforce one remedy and dismisses it without prejudice, he is thereafter barred from pursuing an action seeking enforcement of an inconsistent remedy." *Talley v. Blackmon*, 271 Ark. 494, 496, 609 S.W.2d 113, 115 (Ark. App. 1980); *see also Roy v. Notestine*, 216 Ark. 447, 451, 226 S.W.2d 66, 68 (1950).

■ We are unable to address the merits of this argument because the complaint Les Huff filed in chancery court against the appellant is not a part of the record in this case. The burden is upon the appellant to bring up a record sufficient to demonstrate that there was error below. *McLeroy v. Waller*, 21 Ark. App. 292, 296, 731 S.W.2d 789, 791 (1987); Ark. R. Civ. P. 6.

For his final point, the appellant contends that there is no nexus between his violation of the Arkansas Real Estate License

Laws and the loss sustained by Les Huff and Nathan Huff. The appellant argues that the violations the commission found he committed were not the direct cause of Les Huff's and Nathan Huff's damages, and furthermore, the Huffs waived their right to proceed against him when they began making their payments to George Wattles, pursuant to the chancery court order awarding all of the appellant's interest in Sugar Mountain Estates to Mr. Wattles.

Waiver has been defined as the voluntary abandonment or surrender by a capable person of a right known to him to exist, with the intent that he shall forever be deprived of its benefits, and it may occur when one, with full knowledge of the material facts, does something which is inconsistent with the right or his intention to rely upon it. *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 1039, 479 S.W.2d 518, 521 (1972). The Supreme Court in *Dodge* went on to state that:

> [I]n order to invoke the rule of waiver in such cases the affirmance of the contract must be equivalent to ratification and that it is essential that it be shown that the defrauded party intentionally condoned the fraud, affirmed the contract and abandoned his right to recover damages for loss resulting from the fraud.

*Id.* at 1040, 479 S.W.2d at 521.

There is no evidence in the record that Les Huff or Nathan Huff knew that the warranty deeds or release deeds were not being held in escrow at the time they began making payments to Mr. Wattles pursuant to the court order. Les Huff testified that he entered into the agreement with the appellant based on the language in the agreement covenanting that the escrow agent, Eckels, Inc., had a release deed on file from the mortgagee and that the seller agreed to place a warranty deed in escrow conveying good and marketable title. Les Huff stated that Rocking EZ Real Estate's agent, Tom Sinclair, assured him that the release deeds and warranty deeds were available. Les Huff admitted that he never asked to see these release deeds or the title insurance policies and that no representations were made to him concerning these documents prior to his purchase except for the written language in the agreement, which he read before signing. Tom Sinclair stated that he realized after he sold the property

that the appellant did not have the release deeds, and it was shortly afterward that he filed all the escrow agreements with the circuit court and quit the appellant's employment. Mr. Sinclair stated that he was selling the property on behalf of Sugar Mountain Estates and that the appellant was the owner. He also stated that he made sure the purchasers read the agreements before they were signed.

Arkansas Code Annotated Section 17-35-406 (Supp. 1989) provides that, in order to award damages under the recovery fund, the commission shall first determine if a violation has occurred and, if so, then determine the amount of damages. The commission found that the appellant made substantial misrepresentations to Les Huff and Nathan Huff when he provided in the sales and escrow agreements that the escrow agent, Eckels, Inc., had the release deeds from the mortgage holder and the warranty deeds signed by the appellant and that, as a result of these misrepresentations, Les Huff and Nathan Huff were damaged jointly in the amount of $8,286.40. The findings of the commission are supported by substantial evidence and, therefore, we affirm. *Arkansas Real Estate Comm'n v. Hale*, 12 Ark. App. at 232-33, 674 S.W.2d at 509.

Affirmed.

CORBIN, C.J., and ROGERS, J., agree.