The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion regarding the collection of suburban improvement taxes and penalty pursuant to A.C.A. § 14-92-232 (1987). This Code section, prior to its amendment in 1991, provided for a twenty-five percent penalty if the taxes were not paid at maturity.[1] You state that the Fulton County tax collector has for a number of years collected the Cherokee Village Suburban Improvement District taxes and penalty, and has retained the penalty for the benefit of the county. Your question is whether this is proper, or whether the penalty should have been remitted to the suburban improvement district ("district") minus the commission allowed to the tax collector.
It is my opinion, although this result must be reached through interpretation due to the absence of clear legislative guidance, that the penalty should in all likelihood have been remitted to the district. Section 14-92-232(b) (1987) stated in pertinent part:
 (1) If any taxes levied by a board of commissioners pursuant to this chapter are not paid at maturity, the county tax collector shall include the taxes, together with a penalty of twenty-five percent (25%) thereof, in the taxes for which he shall sell the lands.
 (2) The purchaser at the sale shall be required to pay the improvement district taxes and penalty thereon the same as other delinquent taxes on the land.
It thus appears, under subsection (b)(1) of § 14-92-232 (1987), that the 25% penalty is part of the "taxes for which [the county tax collector] shall sell the lands." Section 14-92-230 must then be considered, wherein it states that "[t]he taxes shall be paid over by the collector to the depository of the district at the same time he pays over the county funds." A.C.A. §14-92-230(b)(1)(B). It may reasonably be concluded that when read together, these provisions require the county tax collector to pay over the taxes, including the penalty thereon, to the district.
This conclusion is supported by the general rule that in determining legislative intent, each section is read in light of every other section, and the object and purposes of the legislation are to be considered. See Chism v. Phelps,228 Ark. 936, 311 S.W.2d 297 (1958). It is significant to note in this regard that the collector, in accordance with §14-92-230(b)(1)(A)(ii), receives a commission of one and one-half percent (1 1/2%) "[f]or his services in making the collections. . . ." This presumably applies in the case of delinquent taxes collected through sale of the land, under §14-92-232. While there is, therefore, support for the proposition that the county tax collector should receive a commission on the taxes and penalty for his services in making these collections, I find no evidence that the legislature intended for the collector to retain all of the penalty for the benefit of the county. To conclude otherwise would, moreover, in my opinion, be contrary to the general requirement of a common sense approach to statutory construction. See Keith v. Barrow-Hicks Ext., Imp. Dist. 85,275 Ark. 28, 88, 626 S.W.2d 951 (1982) ("We have long held that statutory construction requires a common sense approach.") It would not be sensible for the collector to receive a commission on the amount collected including, presumably, the penalty, and also retain the penalty for the county.[2]
The conclusion that the penalty should have been remitted to the district is also supported by the district board's statutory authority to remit, by resolution, any penalty in excess of ten percent. A.C.A. § 14-86-1002 (1987). The county's retention of the penalty under § 14-92-232 (1987) would appear to be inconsistent with this grant of authority to the district. Section 14-86-1002 may, on the other hand, be reasonably construed as confirming the district's interest in and right to the penalty.
It should be noted, finally, that while the above represents, in my opinion, the correct resolution of the legal issue, any effort to seek relief in this instance will in all likelihood require submission of the matter to a court for a final resolution.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] As you have noted, the penalty provision under this Code section was removed by Act 281 of 1991. See A.C.A. § 14-92-232
(Cum. Supp. 1991).
[2] I do not know whether the county tax collector's commission in this instance was in fact also collected on the 25% penalty. This factor, however, is not relevant to the question of whether the county properly retained the penalty. The county's retention of the penalty does not appear to be supported by the statutes, regardless of the manner in which the collector's commission was actually handled.