NELSON *v.* RUTLEDGE.

5-1591                                         316 S. W. 2d 346

Opinion delivered October 6, 1958.

*Murphy & Arnold,* for appellant.

*Judge S. M. Bone,* for appellee.

PAUL WARD, Associate Justice. The question for decision is whether appellee made such a payment on a promissory note as to toll the Statute of Limitations. The Chancellor held that no such payment was made, and, for the reasons set out below, we think his holding must be affirmed.

Only two witnesses testified. One was the bookkeeper for appellant (C. T. Roberson) and the other was appellee (Leslie Rutledge). There is very little if any conflict in the testimony, and we deem it necessary to set forth only the material portions thereof together with a brief statement of how the issue arose.

C. T. Robinson (hereafter referred to as appellant) operates two distinct places of business — a hardware store and a motor company. The accounts of both businesses are kept on one set of books.

On April 8, 1950 the motor company sold appellee a saw mill and certain attachments for $2,500. Appellee executed a note (same date) for $1,000 to appellant as the down payment — the note sued on herein. This note was secured by a deed of trust on real estate. A Conditional Sales Contract was executed by appellee and appellant for the balance. In this contract $225 was

added for insurance and interest, payable in 18 equal monthly installments of $95.84 each, or a total of $1,-725.12. (We note here that of the $225 not more than $125 could be charged as interest and avoid usury, leaving at least $100 charged for insurance on the saw mill.) The Conditional Sales Contract required appellee to carry and pay for the said insurance.

Appellant promptly assigned the Conditional Sales Contract to the Murdock Acceptance Corporation. The latter company refused to accept the contract and it was returned to appellant.

This suit was filed by appellant against appellee on the $1,000 note on February 28, 1957. This note would have been barred by the Statute of Limitations, in the absence of a payment by appellee, on April 8, 1956. It is agreed that no such payment was made unless made under the facts and circumstances set forth hereafter. In appellant's brief it is stated: "The only question for decision is whether the May 1, 1952 payment tolled the Statute of Limitations."

The ledger sheet purporting to show all relative transactions was introduced by appellant. It charges appellee with $2,500 and also with items bought by appellee from the hardware store. It credits appellee with several installment payments and with $1,500 on May 1, 1952. It shows no charges for interest or insurance. The said $1,500 payment was not, apparently, a cash payment by appellee, but was the result of a refinancing deal with the Delta Loan Company which is not fully explained by the record.

The record contains an exhibit to the bookkeeper's testimony captioned "Analysis—Leslie Rutledge Note Account." This exhibit, made up by the bookkeeper after suit was filed, purports to charge appellee with the $1,000 note, the $1,500 balance on the sale, and with interest on both items up to May 1, 1952; and, against the above charges, it gives appellee credit (as of May 1, 1952) with $1,500. From these figures it is deduced that on May 1, 1952 appellee owed appellant $1,207.22 on the note sued on, and $1,441.04 on all other items.

Appellant's contention in this case is that the $1,500 received on the refinancing deal paid all of the $1,441.04 item with a surplusage of $58.96, and that the latter amount should apply as a payment on the $1,000 note as of May 1, 1952. If so applied it would, of course, toll the statute. We cannot agree with this contention.

The burden was on appellant to show such a payment as would toll the statute. See: *Kitchens* v. *Machen*, 210 Ark. 1046 (at page 1053) 198 S. W. 2d 833 and the cases cited therein. The testimony, we think, does not sustain this burden.

In the first place, it appears that there would have been no surplusage to apply on the $1,000 note on May 1, 1952 if appellant had charged appellee with the insurance on the saw mill. Appellee was obligated by the Conditional Sales Contract to pay this item the same as he was obligated to pay interest. The mere fact that appellant did not carry the insurance item on the ledger sheet is not significant because interest was not carried either.

In addition to the above we think the testimony fails to show a conscious intent on the part of appellee to make a payment on the $1,000 note. He denied any such intent, but stated that he thought his whole indebtedness to appellant was liquidated by the $1,500 credit on May 1, 1952 and by the repossession of the saw mill by appellant. Moreover it is not clear to us that appellant considered on May 1, 1952 that a payment had been made on the note. The testimony of the bookkeeper, with commendable frankness, indicates that he never arrived at this conclusion until after the suit was filed. It is certain that no such credit on the note is shown on the ledger sheet. The evidence fails to show a voluntary act of payment on the part of appellee.

"To interrupt the running of the statute of limitations, a payment must be voluntary and must be the act of the debtor himself, or in pursuance of his consent or direction." 34 Am. Jur. page 266, § 339. See also in this connection, same authority, §§ 338, 341, and 345.

It is therefore our conclusion that the decree of the trial court must be, and it is hereby, affirmed.