OAKLAWN BANK *v.* Spencer D. ALFORD

CA 92-729                                                845 S.W.2d 22

Court of Appeals of Arkansas
Division I
Opinion delivered January 20, 1993

*Friedman & Hooper*, by: *Donald B. Friedman*, for appellant.

No response.

MELVIN MAYFIELD, Judge. This appeal follows the successful assertion of the statute of limitations by appellee, Spencer

Alford, in an action brought against him by appellant, Oaklawn Bank, for a deficiency judgment following the repossession and sale of collateral securing a promissory note.

On July 1, 1985, appellee signed a note in the amount of $11,655.36 to Oaklawn Bank in order to finance the purchase of a 1985 Jeep. The note provided that appellee would make forty-eight monthly payments of $242.82 beginning August 16, 1985, and that appellee would be in default if he failed to make a payment when due. It also provided that, in the event of default, appellant could accelerate the due date of the note, making all sums immediately due. The security agreement appellee gave to appellant provided remedies in the event of default, which included the right to take immediate possession of the property, with or without legal process, to sell it, and to apply the proceeds as provided by law toward payment of repossession expenses and satisfaction of the debt. The security agreement stated: "You will be entitled to a deficiency judgment if the proceeds of sale do not pay all the secured obligations (except where prohibited by law)."

Appellee defaulted in payments on the note, and appellant repossessed the vehicle. On August 11, 1986, appellant sent the following notice to appellee:

> As you know on August 9, 1986, we repossessed the motor vehicle described below which we were financing for you. The vehicle is being held in storage for Oaklawn Bank, where it will remain until August 21, 1986. If you pay your account in full the amount of $13,847.42 on or before that date[,] [w]e will release the certificate of title to the vehicle to you. You will also need to pick up any personal belonging[s] on or before August 21, 1986 or we will dispose of the property.
>
> If you do not pay your account in full on or before that date, it is our intention to offer the vehicle at private sale on the next succeeding business day. We will apply the net proceeds of the sale to your account. If the amount of the proceeds is less than the amount due us, we will notify you of the amount and will expect you to pay the deficiency.

On September 18, 1986, appellant sent a letter to appellee stating that the Jeep had been sold, leaving a balance of $2,108.75, and

requesting payment. This letter was returned to appellant with a notation of "Returned to Sender Moved Left No Address."

On September 6, 1991, appellant filed a complaint in the Clark County Circuit Court for the amount of the deficiency plus interest, attorney's fees, and costs and attached a copy of the note and security agreement to the complaint. In response, appellee answered that the five-year statute of limitations had run and asserted the same defense at trial. *See* Ark. Code Ann. § 16-56-111(b) (1987). In an order entered March 6, 1992, the circuit judge found that appellant had accelerated the note by repossessing appellee's vehicle on August 9, 1986, and by writing a letter to appellee dated August 11, 1986, demanding full payment of the note; that the statute of limitations began to run when appellant accelerated the note; and that the statute of limitations expired on August 10, 1991, barring appellant's complaint.

On appeal, appellant argues that the statute of limitations, at least with regard to the deficiency, had not run before it filed its complaint. Appellant asserts that it had two potential causes of action when appellee defaulted on the note: it could either (1) accelerate the note, forego repossession and sale of the collateral, and institute legal action for collection of the entire balance due under the note; or (2) repossess the collateral, dispose of it in a commercially reasonable manner, apply the proceeds of the sale to appellee's indebtedness, and if a deficiency remained, take legal action for its collection. Appellant asserts that it could not have maintained a successful action for the collection of a deficiency balance until the amount was established by the sale of the collateral on September 18, 1986; the statute of limitations, therefore, did not begin to run until September 18, 1986, and did not expire before the filing of the complaint. We disagree.

■■ A statute of limitations does not begin to run until the plaintiff has a complete and present cause of action. *Corning Bank v. Rice*, 278 Ark. 295, 300, 645 S.W.2d 675, 678 (1983). The period of limitations for contracts runs from the point at which the cause of action accrues. *Eckels v. Arkansas Real Estate Comm'n*, 30 Ark. App. 69, 79, 783 S.W.2d 864, 870 (1990). For breach of contract, the true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful

conclusion. *Dupree v. Twin City Bank*, 300 Ark. 188, 191, 777 S.W.2d 856, 858 (1989); *Davenport v. Pack*, 35 Ark. App. 40, 45-46, 812 S.W.2d 487, 490 (1991). A cause of action for breach of contract accrues the moment the right to commence an action comes into existence, *Dupree v. Twin City Bank*, 300 Ark. at 191, 777 S.W.2d at 858, and occurs when one party has, by words or conduct, indicated to the other that the agreement is being repudiated or breached. *Eckels v. Arkansas Real Estate Comm'n*, 30 Ark. App. at 80, 783 S.W.2d at 870. In ordinary contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action. *Chapman v. Alexander*, 307 Ark. 87, 88, 817 S.W.2d 425, 426 (1991).

Appellant is correct in asserting that, if the right of action depends upon some contingency or a condition precedent, the cause of action accrues and the statute of limitations begins to run when the contingency occurs or the condition precedent is complied with. *Dupree v. Twin City Bank*, 300 Ark. at 191, 777 S.W.2d at 858; *Rice v. McKinley*, 267 Ark. 659, 664, 590 S.W.2d 305, 308 (Ark. App. 1979). Appellant, however, confuses its remedy of repossession, sale, and an action for any deficiency with its cause of action on the debt owed by appellee to appellant. In fact, appellant fundamentally errs in characterizing this remedy as a cause of action. The basis for appellant's cause of action against appellee was the debt evidenced by the promissory note and secured by the Jeep; the note and the security agreement provided remedies for the satisfaction of this debt in the event of default.

After appellee defaulted and appellant accelerated the debt, appellant's cause of action on the debt evidenced by the note did not depend upon any further contingency or condition precedent. Appellant's right to a deficiency judgment was simply part of a remedial process appellant initiated by accelerating the debt and cannot be treated as a separate cause of action. We, therefore, agree with the circuit judge in his finding that the statute of limitations began to run with appellant accelerated the debt and that it barred appellant's complaint.

Affirmed.

JENNINGS, C.J., and ROGERS, J., agree.