# Mark D. HELMS *v.* UNIVERSITY OF MISSOURI—KANSAS CITY

CA 98-471                                986 S.W.2d 419

Court of Appeals of Arkansas
Division I
Opinion delivered February 24, 1999

*David L. Eddy* and *Roy Beth Kelley*, for appellant.

*Walker & Black, P.A.*, by: *Phillip M. Hendry*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from a judgment entered in favor of the University of Missouri at Kansas City, appellee, for past-due tuition owed by Dr. Mark Helms, appellant. On appeal, appellant raises numerous arguments challenging the judgment. We find no error, and affirm.

Appellant began graduate school in appellee's orthodontic program during the summer of 1990; he last paid tuition in January 1992. Appellee sent a nonpayment memo dated June 26, 1992, stating that appellant would be dropped from classes unless he paid the tuition due or made acceptable arrangements by July 8, 1992. Appellant did not make payment by that date, but he was not dropped from classes.

Appellant, along with other students, met with the dean of the program in 1991 and 1992 to discuss concerns regarding the

quality of education they were receiving. Subsequently, appellee entered into an agreement with the students that outlined the requirements for early graduation from the orthodontics program.

Appellant signed the letter agreement dated September 22, 1992, which provided in part that he agreed to transfer his current patients to first-year residents, to finish as many of the assigned cases as possible before the early graduation date, and to forego seeing any new patients. The agreement also set out other academic requirements. Upon completion of the requirements, appellant was to receive his diploma in orthodontics on December 18, 1992. The letter agreement did not mention the tuition due appellee.

Appellant completed the early graduation requirements; however, appellant was informed on the day of graduation that he would not receive his diploma until he paid his past due tuition that totaled over $5000. He wrote a check in the amount requested, but subsequently stopped payment on the check.

Dr. Daniel Tira, appellee's assistant dean at the School of Dentistry, testified that generally payment of tuition is due at the beginning of the semester. He explained that many students are allowed to make payment arrangements, and that students are not automatically removed from the program for lack of payment. He testified that appellant could have made payment arrangements even after his graduation, and that appellant would have still received his diploma. Dr. Tira testified that the dispute with the students led to an agreement whereby they were allowed to graduate a semester early. Dr. Tira stated that the letter agreement detailed the students' academic requirements for early graduation, and was in the nature of an educational arrangement. He further stated that there was no intent to delve into the issue of tuition payments; the letter was limited to academic and educational requirements only. Dr. Tira explained that his office did not have the authority to dispose of appellant's obligation to pay tuition.

Appellant testified that it was his impression, based on the negotiations with appellee, that he would receive his residency certificate if he met the guidelines. He testified that he wrote the check for the tuition under duress in order to receive his diploma.

Appellant first argues that an accord and satisfaction was reached between the parties pursuant to Missouri law, as evidenced by the letter agreement, and that this agreement absolved him of responsibility to pay tuition for the summer and fall semesters of 1992. Appellant contends that he suffered a detriment by agreeing to leave school early because he gave up the financial gain from seeing patients he would have had as a resident. He further contends that he did not owe any fees because the letter agreement did not mention fees due, and points out that appellee failed to drop him from classes for nonpayment.

■ An "accord and satisfaction" contemplates an agreement between parties to give and accept something different from that claimed by virtue of the original obligation, and both the giving and acceptance are essential elements. *Bohle v. Sternfels*, 261 S.W.2d 936, 941 (Mo. 1953). The validity of such an agreement is dependent upon the same basic factors and principles that govern contracts generally. *Bestor v. American Nat'l Stores, Inc.*, 691 S.W.2d 384 (Mo. Ct. App. 1985).

■ The burden of proving accord and satisfaction is simply the burden of proving a contract: offer, acceptance, and consideration. *Id.* In Missouri, a benefit or detriment different from that involved in the creation of the debt is sufficient consideration to support an accord and satisfaction discharging that debt. *Id.*

■ Here, the agreement solely involved appellant's early graduation: appellee agreed to allow appellant to graduate early if he met certain program and academic requirements. Appellant has failed to show that there was an agreement reached whereby appellee would accept appellant's early graduation as settlement of the past-due tuition or that this agreement disposed of his obligation to pay the tuition. Although appellant claims that he suffered a detriment by graduating early and thus relinquishing clinic fees for current patients to other residents, he did receive his degree in orthodontics early and was consequently able to start his dental practice sooner than expected. We cannot say that the trial court was in error when it did not find that the early graduation was a detriment to appellant. Accordingly, we hold that the finding by the trial court that there was no accord and satisfaction absolving

appellant of his obligation to pay the past-due tuition was not clearly erroneous. *See* Ark. R. Civ. P. 52(a).

■ Appellant also contends that because the agreement was unambiguous, the trial court erred in considering parol evidence by admitting the testimony of Dr. Tira regarding lack of any intent on behalf of appellee to waive appellant's tuition in the letter agreement. However, the record does not indicate that the trial court relied on parol evidence to vary the terms of the written agreement. The trial court based its ruling on the finding that the written agreement made no mention of appellant's responsibility for payment of tuition. Moreover, the record before us does not indicate that the trial court made a ruling regarding any ambiguity or lack thereof in the agreement.

■ Appellant next argues that he was not given adequate notification by appellee of its intent to rely on Missouri law as required by Arkansas Rule of Civil Procedure 44.1. Appellant failed to make this specific argument below, and we will not address it for the first time on appeal. *Robinson v. State*, 317 Ark. 407, 878 S.W.2d 405 (1994).

Appellant further argues that Arkansas law should have been applied with regard to the statute of limitations, and that the trial court erred in holding that appellee filed suit within the applicable statute of limitations period. Tuition was due for the summer and fall semesters of 1992. Appellee made demand for payment as of July 8, 1992. Appellant wrote a check for payment of the tuition on December 18, 1992, although he did subsequently stop payment on the check. Appellee's complaint was filed on November 9, 1995. The trial court found that the action was not barred.

■ Without deciding the question of which statute of limitations is applicable, we hold that the action was not barred under either limitations period. The action was clearly filed within the Missouri five-year limitation period for contracts not in writing. Mo. Ann. Stat. § 516.120 (Vernon 1952).

■ In Arkansas, actions founded upon any contract not under seal and not in writing shall be commenced within three years after the cause of action accrues. Ark. Code Ann. § 16-56-

105(1) (1987). The period of limitations runs from the point at which the cause of action accrues rather than from the date of the agreement. *Chadwell v. Pannell*, 27 Ark. App. 59, 766 S.W.2d 38 (1989). A statute of limitations does not begin to run until the plaintiff has a complete and present cause of action. *Oaklawn Bank v. Alford*, 40 Ark. App. 200, 845 S.W.2d 22 (1993).

■ A cause of action for breach of contract accrues the moment the right to commence an action comes into existence, and occurs when one party has, by words or conduct, indicated to the other that the agreement is being repudiated or breached. *Id.* In ordinary contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action. *Id.*

■ The law is well settled that a voluntary partial payment tolls the running of the statute of limitations, and forms a new period from which the statute must be computed. *Rogers v. University Services*, 4 Ark. App. 264, 629 S.W.2d 319 (1982); *Taylor v. White*, 182 Ark. 433, 31 S.W.2d 745 (1930). A payment must be voluntary and must be the act of the debtor himself, or in pursuance of his consent or direction. *See Nelson v. Rutledge*, 229 Ark. 464, 316 S.W.2d 346 (1958).

■ Here, appellant paid the full amount due upon his graduation within either limitation period. Although he argues that this payment was not voluntary, appellant did not indicate this on the check or to appellee. Consequently, the payment tolled the statute of limitations. Therefore, appellee's cause of action did not accrue when the tuition was due but when appellant repudiated his performance by stopping payment on the check. Thus, we cannot say that the trial court erred in finding that the action was not barred.

Affirmed.

ROAF AND CRABTREE, JJ., agree.